## M. H. MILLER v. MARX & KEMPNER.

### (Case No. 1912)

1. PARTNERSHIP — WIFE — LIABILITY — HUSBAND.—A married woman invested the proceeds of the sale of her separate estate in a partnership, and carried on a mercantile business under articles of partnership. Suit was brought against the husband, the wife, and the other partner, as members of the firm, on a note executed by the firm. *Held :*

(1) That a wife cannot become a partner in business either with her husband or any one else. (Wallace *v.* Finberg, 45 Tex., 35 ; Cox *v.* Miller, 54 Tex., 16.)

(2) Neither the wife nor the husband could invest her separate property in a mercantile business, and thereby become entitled to the profits arising therefrom as part of the separate estate.

(3) Her separate estate could not be subjected to any of the debts of such an attempted partnership, though she would doubtless be liable to the extent of her separate property invested.

(4) The profits to which the wife's right might be recognized by reason of her connection with the business became the common property of herself and husband, was entirely under the control of the husband, and could be disposed of by him only.

(5) The husband enjoyed an interest in the profits of the business *as profits*, and he was a partner in the firm, as to third parties, if not as to other members of the firm. (Par. on Part., 70, 71 and authorities in note "*l.*") He could not enjoy all the advantages of a partnership without incurring its liabilities.

(6) Had the wife made no contract of partnership or been known in respect to the partnership affairs, and yet he had been in a position to demand an interest in the profits of the character stated, he would have been a partner as to third parties.

(7) Had the husband signed articles of partnership void as to his copartners, but had regularly reaped his portion of the partnership gains, he would have been responsible for the firm debt, and was so in this case.

ERROR from Red River. Tried below before the Hon. R. R. Gaines.

The opinion states the case.

*M. L. Sims,* for plaintiff in error, cited : Brown & Co. *v.* Chancellor, 61 Tex., 443 ; Wallace *v.* Finberg, 46 Tex., 44 ; Bradford *v.* Johnson, 44 Tex., 382 ; Green *v.* Ferguson, 62 Tex., 525 ; Ratto & Co. *v.* Holland et al., Wilson's Ct. App. Cases ; 2 Kent, pp. 3, 4, art. 469 ; Cockrum *v.* McCracken, Tex. Ct. App., p. 66, art. 65 ; White *v.* Whaley, Tex. Ct. App., 66, arts. 101, 102, 103 ; R. S., secs. 2854, 2855 ; Story on Part., 2, 3, 4, 5 ; Heidenheimer Bros. *v.* M. S. McKeen, 63 Tex., 229.

*Taylor & Chambers,* for defendants in error, cited: Wallace *v.* Finberg, 46 Tex., 44 ; Parsons on Part., 3d ed, 26, 27, 28 ; Story on Part., sec. 10 ; 1 Blackstone's Com., 442, 444.

WILLIE, CHIEF JUSTICE.—The evidence shows that W. S. Campbell and the wife of appellant had signed articles of partnership, and under them were carrying on a mercantile business, as partners, at the time the note upon which this suit is brought was executed.

The money invested in the business by Mrs. Miller, was the proceeds of the sale of her separate estate, and therefore her separate property.

This court has heretofore determined that a wife cannot become a partner in business, either with her husband or anyone else. Wallace v. Finberg, 46 Tex., 35; Cox v. Miller, 54 Tex., 25; Brown v. Chancellor, 61 Tex., 437; Green v. Ferguson, 62 Tex., 525.

Neither she nor her husband can invest her separate funds in a mercantile business, and thereby become entitled to the profits arising therefrom, as part of her separate estate.

It follows naturally that her separate estate cannot be subjected to any of the debts of such an attempted partnership; and her claim as against the party, or parties, with whom she endeavored to enter into business, would not be that of a partner, but she would doubtless be a creditor to the extent of the separate property she had thus invested.

The court below having held that Mrs. Miller was not liable for a partnership debt of W. S. Campbell & Co., but that Miller was, the question is as to the liability of the husband when the wife signs such a contract and is recognized as a partner by the other member of the supposed firm. This point has not been decided heretofore by this court.

We think that the husband's obligations under such circumstances must be determined by the ordinary rules of law for the ascertainment of the existence of a partnership and its liability to third persons.

As the share of the firm profits to which Mrs. Miller became entitled, or to which her right might be recognized, by reason of her investment of money in the business of W. S. Campbell & Co., was not acquired by gift, devise or descent, it became the common property of herself and husband. R. S., art. 2852.

It bore the same character as if it had been the proceeds of a like investment of the community estate or of the separate property of the husband.

As community property it was entirely under the control of the husband, and could be disposed of by him only. Ib., 2852.

In the present case therefore Miller enjoyed an interest in the profits of the business of W. S. Campbell & Co. It was an interest in these profits, *as profits*, and that interest attached to them in their individual

condition. This interest was not only in the gross profits, but in the amount which they would net after the payment of the expenses of the concern, for his interest was the same as that recognized in Mrs. Miller by Campbell, her supposed partner.

Such facts as these are held by all the authorities to constitute the recipient of the profits a partner in the firm as to third parties, if not as to other members of the firm. Parsons on Part., 70, 71, and authorities in note "*l*."

Miller could not enjoy all the advantages of a partnership without bearing its losses and becoming liable for its debts. Had no contract of partnership been signed by his wife, and had she not been known in respect to the partnership affairs in any manner whatever, and yet he had been in a position to demand an interest in the profits of the character we have stated, he would be held as a partner in the concern as to third parties, whether he contributed to the capital stock or not. He certainly cannot enjoy these profits without the corresponding liabilities merely because they are accorded to him by reason of an instrument, which, though void in itself, has been recognized as valid by the party entitled to the remainder of the profits. It is not the validity of the partnership agreement, but the fact that under it a person receives the profits to which a partner is entitled that constitutes him a partner so far as third parties are concerned.

Had Miller himself signed articles of partnership with Campbell which were void and could not be enforced against him by his co-partner, but under these articles had regularly reaped his portion of the partnership sales as provided in the articles, he would have been responsible for the firm debts. Otherwise, anyone wishing to share in the profits of a partnership, and at the same time to be exempt from its debts, could effect this object by means of a void partnership agreement, although under it he enjoyed all the advantages of a partner, so far as profits were concerned. We think it clear that whilst Mrs. Miller was not a member of the firm her husband was, as to third parties, and that he was therefore liable for the debt upon which this suit is brought.

The judgment of the court below is therefore affirmed.

AFFIRMED.

[Opinion delivered November 10, 1885.]