When we answered the question certified by the Court of Civil Appeals in this case, we did not understand that the right of a married woman to purchase school lands was specifically submitted for our determination. We then thought and still think that a valid purchase may be made in the name of a *Page 490 
married woman. When the husband and wife are living together, school land acquired by purchase from the State in the name of either party is prima facie community property; and an obligation given therefor, either by the husband in the name of the wife or by the wife in her own name, with the consent of the husband, is, in our opinion, a valid community debt. Wetzel v. Simon,87 Tex. 403; Miller v. Marx, 65 Tex. 131
[65 Tex. 131]. In such a case, therefore, the obligation given for the purchase money (unlike that of a minor) is enforcible, and will support a purchase. In this case it appears that the husband and wife were living together upon the land when the purchase was made and continued to live upon it until this litigation arose, and the presumption is that the purchase was made with the consent of the husband. If it had been shown that he did not assent to the transaction, we would have had a different question.
In refusing the application for a writ of error, we have thought it proper to say this much in order to prevent a misapprehension of our ruling.
Writ of error refused.