## JENNINGS v. TEXAS FARM MORTGAGE CO. et al.

### No. 2681.

Court of Civil Appeals of Texas. El Paso.
June 16, 1932.

Rehearing Denied July 14, 1932.

Spencer, Rogers, Lewis & Slatton, of San Antonio, for appellant.

James L. Shepherd, Jr., and Baker, Botts, Andrews & Wharton, all of Houston, and S. W. Marshall, of Dallas, for appellees.

PELPHREY, C. J.

This suit was instituted by R. F. Jennings in his official capacity as independent executor of the estate of J. D. Jennings, deceased, and as administrator with the will annexed of the estate of W. H. Jennings, deceased, against the Texas Farm Mortgage Company, of Dallas, Tex., the Republic National Company, of Dallas, Tex., and Travelers' Insurance Company, of Hartford, Conn., to recover of and from said defendant companies the

sum of $18,500.54, same being double the amount of interest alleged to have been received and collected from plaintiff (and his decedents) by said defendants on a usurious loan held by them within two years prior to the filing of the suit.

Appellant's first amended petition alleged that on or about the 1st day of November, A. D. 1923, the Texas Farm Mortgage Company made a $66,000 loan to J. D. Jennings and W. H. Jennings, evidenced by their note of that date due on the 1st day of October, 1933, payable to the order of the Texas Farm Mortgage Company; that, simultaneous with the making of the loan and the execution of the aforesaid note, the said J. D. and W. H. Jennings also signed ten interest coupon notes, all dated November 1, 1923, numbered from 1 to 10, inclusive, number 1 for $3,630.00 and the other nine for an equal amount each, coupon No. 1 being due on October 1, 1924, and the others due in numerical order on October 1, of each year thereafter; that, as an additional part of the loan transaction, J. D. and W. H. Jennings executed a second interest note for $6,545, payable to the Texas Farm Mortgage Company, payable in ten installments, the first, for $605 due October 1, 1924, and the other nine for $666 each, due on October 1st of each succeeding year; that two deeds of trust were executed on certain lands in Zapata county, Tex., to secure the payment of said notes; that, by reason of the terms, provisions, and conditions of the notes and deeds of trust, they were usurious and in violation of the Constitution and statutes; that on or about the 26th day of September, 1928, he (and his decedents) paid and the appellees received and collected the sum of $4,620 as interest on said loan; that on or about October 9, 1929, they collected and received the further sum of $4,630.27 as interest thereon, making a total of $9,250.27, received and collected by them.

Appellees filed separate answers, in which they urged, among other pleas, general demurrers to said amended petition.

The trial court sustained said general demurrers, and, upon appellant declining to amend, dismissed his suit.

From such action this appeal is taken.

## Opinion.

It is not questioned that the amounts received and collected by appellees do not exceed the amount of 10 per cent. in any one year; therefore the proper determination of the question here presented depends upon the construction of article 5073, as it appears in the Revised Statutes of 1925.

The following amendment to the Constitution (article 16, § 11) was made in 1891: "All contracts for a greater rate of interest than ten per centum per annum shall be deemed usurious, and the first legislature after this amendment is adopted shall provide appropriate pains and penalties to prevent the same; but when no rate of interest is agreed upon, the rate shall not exceed six per centum per annum."

In 1892 the Legislature in response to that command, enacted the following statutes, appearing as follows in the Statutes of 1895:

"Art. 3099. Conventional interest. 'Conventional interest' is that interest which is agreed upon and fixed by the parties to a written contract, not to exceed ten per cent per annum."

"Art. 3103. Ten per cent the conventional rate. The parties to any written contract may agree to and stipulate for any rate of interest not exceeding ten per cent per annum on the amount of the contract."

"Art. 3104. Contracts for greater per cent void. All written contracts whatsoever, which may in any way, directly or indirectly, violate the preceding article by stipulating for a greater rate of interest than ten per cent per annum, shall be void and of no effect for the amount of value of the interest only; but the principal sum of money or value of the contract may be received and recovered."

"Art. 3106. May recover usurious interest paid. If usurious interest, as defined by the preceding articles, shall hereafter be received or collected, the person or persons paying the same, or their legal representatives, may by action of debt, instituted in any court of this state having jurisdiction thereof, within two years after such payment, recover from the person, firm or corporation receiving the same, double the amount of the interest so received or collected."

In 1907 the last article was amended (Acts 1907, c. 143) to read: "If usurious interest shall hereafter be received or collected upon any contract, either written or verbal, the person or persons paying same, or their legal representatives, may by action of debt, instituted in any court having jurisdiction thereof in the county of the defendant's residence, or in the county where such usurious interest shall have been received, or collected or where said contract has been entered into, or where parties paying same reside when such contract was made, within two years after such payment; recover from the person, firm or corporation receiving the same double the amount of such usurious interest so received and collected."

Prior to this amendment the statute only applied to written contracts, and the suit could only be brought for the penalty in the county of the defendant's residence. Baum v. Daniels, 55 Tex. Civ. App. 273, 118 S. W. 754, 755.

Under the amendment, the statute was made to apply to verbal contracts and allowed suit to be brought where the usury was collected, where the contract was entered into,

274

or where the paying party resided at that time. The codification committee wrote into the Revised Statutes of 1925 the article as to the penalty for the collection of usurious interest as follows: "Art. 5073. Action on usurious rate.—Within two years after the time that a greater rate of interest than ten per cent shall have been received or collected upon any contract, the person paying the same or his legal representative may by an action of debt recover double the amount of such interest from the person, firm or corporation receiving the same. Such action shall be instituted in any court of this State having jurisdiction thereof, in the county of the defendant's residence, or in the county where such usurious interest shall have been received or collected, or where said contract has been entered into, or where the parties who paid the usurious interest resided when such contract was made."

Appellees admit that, under the statute of 1892 and the amendment of 1907, when a contract was found to be usurious, then double the amount of any interest paid within two years before filing suit could be recovered, even though the amount actually paid in any one year was in fact less than 10 per cent.

They also agree that the holdings in Smith v. Chilton, 90 Tex. 447, 39 S. W. 287; American Building & Savings Ass'n v. Daugherty, 27 Tex. Civ. App. 430, 66 S. W. 131; Baum v. Daniels, supra, establish such doctrine; but contend that, by the change made in the Revised Statutes of 1925, as above quoted, the recovery of the penalty provided for in article 5073 is available to a borrower only when he has in fact paid, and the lender has in fact received, in the year in question, interest in excess of 10 per cent. for such year.

It will be noticed that the statute, as it existed before the codification, provided for the collection of the penalty "if usurious interest shall hereafter be received or collected upon any contract," while the statute as it now appears provides that, "within two years after the time that a greater rate of interest than ten per cent. shall have been received or collected upon any contract," double the amount thereof may be recovered.

Under the authorities above cited, any interest collected on a usurious contract was held to be usurious interest whether it exceeded 10 per cent. per annum or not, and double the amount thereof could be recovered.

Under the present statute, the right to recover the penalty, we think, depends upon the collecting of more than 10 per cent., and, it being admitted that the petition here fails to show that more than that amount was collected in any one year, the general demurrers thereto were properly sustained. Simpson v. Grissom (Tex. Civ. App.) 38 S.W.(2d) 1106.

The judgment of the trial court is affirmed.