## J. B. HIRSHFELD & CO., Inc., v. EVANS et ux.

### No. 3950.

Court of Civil Appeals of Texas. Amarillo.

Jan. 25, 1933.

Rehearing Denied Feb. 8, 1933.

Slough, Gibson & Slough, of Amarillo, for appellant.

Lackey & Lackey, of Stinnett, for appellees.

### HALL, C. J.

Mrs. A. D. Evans conducted a store in Borger known as the New York store and it is alleged that the stock of merchandise was her sole and separate property. She purchased goods from the appellant in the sum of $831.80 for the purpose of replenishing her stock of merchandise. Appellant filed this suit against Mrs. Evans and made her husband, Henry Evans, a party defendant, alleging that before the institution of the suit appellant's attorney had conferred with Henry Evans and· he had objected to the amount of the claim, but that Mrs. Evans and her husband objected only to two items,

684

which it seems from the pleading were deducted before the suit was filed and the petition contains the further allegation that the merchandise had been received, for which they agreed to pay. It is not alleged that Henry Evans was connected in any way with the store or with the purchase of the merchandise included in the claim. The right to recover is, according to the allegations, predicated upon the fact that the goods were necessary in the proper conduct and management by Mrs. Evans of her store at Borger.

The court sustained a general and several special exceptions to the petition and the plaintiff failing to amend, judgment was rendered dismissing the action.

■ One of the exceptions is that no personal action could be maintained against Mrs. Evans because the petition failed to show compliance with the requirements of R. S. art. 4626.

We think the court properly sustained the exceptions.

With reference to the powers of a married woman to engage in the mercantile business, it is said in 23 Texas Jurisprudence § 266: "Technically a married woman may be a merchant or trader at will so far as immediate transaction of the business is concerned. That is, she may own merchandise and wares freely, may buy or sell them at pleasure, either for cash or on credit, may rent or lease buildings or employ clerks and other help needed. Her contracts of purchase, lease or employment do not bind her, but they do bind the other party."

And further, in Id. § 268: "A married woman is not then liable as an ordinary merchant for her contracts of debt or otherwise in the transaction of the business."

■ The pleading fails to show any consideration for the subsequent promise made by the husband, Henry Evans, to pay for goods previously sold to his wife and for which she was not responsible. So far as the pleadings show, it was a verbal promise and is further void under the provisions of the statute of frauds (Rev. St. 1925, art. 3995).

The judgment is affirmed.