## PERKINS et al. v. CAMPBELL.

No. 1413.

Court of Civil Appeals of Texas. Waco.

Sept. 28, 1933.

Seale & Seale, of Centerville, for appellants.

John H. Adkisson, of Centerville, and Geo. W. Barcus, of Waco, for appellee.

STANFORD, Justice.

Appellee, Jesse Campbell, is now an old, blind man, having become blind in 1928 or 1929. He and his wife purchased the land in controversy in 1915; the amount being 108 acres. In July, 1923, his son, Amos Campbell, was arrested and charged with murder. In order to raise the necessary funds to employ a lawyer to defend Amos, appellee, Jesse Campbell, and wife conveyed the land in controversy to their son, Amos, for a recited consideration of the execution by Amos of notes aggregating $2,500. Amos Campbell then gave a deed of trust to the Federal Land Bank to secure $1,000, and there was transferred to said Federal Land Bank $1,000 of the vendor's lien notes that had been given by Amos. The money obtained by Amos was paid to B. D. Dashiell, an attorney, and his associates, for representing Amos. The record is in some confusion as to whether the attorneys received the entire $1,000. Jesse Campbell continued to collect the rents and revenues from the property until 1929. During that year Amos Campbell asserted ownership in the land and a right to the rents.

Jesse Campbell filed suit against Amos Campbell to cancel the deed which he gave Amos in 1923, and on October 27, 1931, he recovered judgment against Amos Campbell canceling said deed. On May 15, 1931, Amos Campbell executed a deed to the property to his wife's sister, Agnes Perkins, for a recited consideration of $1 paid and the assumption of the indebtedness due the Federal Land Bank. Alice Campbell, wife of Amos, signed the deed November 7, 1931, some ten days after Jesse Campbell obtained the judgment canceling the deed to Amos Campbell. and the deed was not recorded until December 3, 1931, some five weeks after the deed to Amos had been canceled by the judgment rendered in favor of Jesse Campbell on October 27, 1931.

On January 15, 1932, Agnes Perkins, joined pro forma by her husband, J. N. Perkins, brought this suit against appellee, Jesse Campbell, in trespass to try title to the 108 acres of land in controversy.

On February 16, 1932, the trial court entered what is termed in the record an interlocutory judgment. On November 10, 1932, the trial court entered its final decree, awarding appellee, Jesse Campbell, the title to the 108 acres of land, and awarding appellants a joint and several personal judgment against appellee, Jesse Campbell, for $102.48, and fixed a lien on the property in favor of appellants for said amount. Appellants excepted to the judgment as rendered in November, and have prosecuted this appeal from said judgment.

This case having been tried before the court, and there being evidence sufficient to support the trial court's judgment, this court has no authority to disturb the judgment of the trial court as to the judgment for 108 acres of land. The above proposition of law is so well settled that the citation of authorities is not necessary. Our courts have many times held that, if the evidence, viewed in its most favorable light, will support the judgment of the trial court, same will be upheld. Hines v. Kansas City Life Ins. Co. (Tex. Civ. App.) 260 S. W. 688 (writ dismissed). As we view the record, the testimony is sufficient to support an implied finding by the trial court that the deed from Jesse Campbell to Amos Campbell, his son, was for the sole purpose of permitting the land to be mortgaged in order to get money to pay attorneys to represent Amos in his trial for murder. Amos Campbell testified that he was charged with having killed a negro; that his father, Jesse Campbell, deeded him the land in 1923 so that he could mortgage it to the bank and get money to pay Mr. Dashiell to defend him. Jesse Campbell, the father

of Amos, testified that his son, Amos, got in trouble, and that, when they caught him in 1923, he borrowed money from the Federal Land Bank to defend him; that after that time, until 1929, he (Jesse) collected the rents from the land and made the payments to the Federal Land Bank, and paid the taxes. On cross-examination Jesse Campbell testified, in effect, that his attorneys were to receive $500; that, if they got more money than that on the loan, he was to get it; that he relied implicitly on Mr. Dashiell; that as a matter of fact he did not get any part of the money; that he made the payments to the Federal Land Bank and paid the taxes until the fall of 1929; that in the fall of 1929 he found out Amos was trying to beat him out of the property; that he was blind, and could not attend to it. At some date not shown, Jesse Campbell filed suit against his son, Amos, to cancel the deed which he had given Amos, and on October 27, 1931, the district court in Leon county rendered a final judgment canceling said deed and awarding Jesse Campbell all of the right, title, and interest which Amos had in the land.

■ Since the only title appellants claim to have to the property is under the deed from Jesse Campbell to Amos Campbell, and since the record shows affirmatively that said deed had been canceled by a decree of court prior to the time the deed from Amos Campbell and wife, Alice, was finally executed and delivered to Agnes Perkins, appellants failed to show any title in themselves. If Amos Campbell and wife had no title at the time the deed from them was executed and delivered to appellants, it conveyed no title to the appellants. Appellants offered in evidence the judgment of the district court canceling the deed which Jesse Campbell had given to Amos Campbell; said judgment being dated October 27, 1931. J. N. Perkins testified that he knew about the suit. The deed to Agnes Perkins, under which appellants claimed title, is dated May 15, 1931, but was not signed and acknowledged by Alice until November 7, 1931. The deed was filed for record on December 3, 1931. It therefore appears that at the time Alice Campbell, the wife of Amos, signed the deed, the deed from Jesse Campbell to Amos Campbell had been, on October 27, 1931, some ten days prior thereto, canceled, and all title held by Amos Campbell had been vested in Jesse Campbell. There was testimony before the court sufficient to support a finding that the deed from Amos Campbell and wife to Agnes Perkins did not become effective to pass any title to said land until the same was executed by Alice Campbell, and such finding should be implied from the judgment rendered by the trial court in favor of appellee.

■■ The deed from Amos Campbell and wife, Alice, to Agnes Perkins recites the consideration therefor to be the sum of one dollar and the assumption of the indebtedness due by Amos Campbell to the Federal Land Bank. There is no proof of the payment of the dollar so recited. The law is well settled that a married woman is not personally liable on notes which she assumes in the purchase of real estate. See Graham v. Carmany (Tex. Civ. App.) 2 S.W.(2d) 467; Mitchell v. Federal Mortgage Co. (Tex. Civ. App.) 45 S.W.(2d) 649; Hirshfeld & Co. v. Evans (Tex. Civ. App.) 56 S.W.(2d) 683. Since we are required to presume, in support of the judgment of the trial court, that no title passed to Agnes Perkins until the deed to her was signed by Alice Campbell, it appears that all payments, if any, made by her or by her husband for her thereafter, were made with both actual and constructive notice that her vendor, Amos Campbell, had no interest in the property, and that she acquired no title by the deed from him and his wife to her. Perkins, her husband, testified that Amos had notified them about the suit of appellee against Amos to recover title to the property before he attempted to secure the necessary signature and acknowledgment of Amos' wife, Alice. Agnes Perkins did not testify, and does not therefore claim to be an innocent purchaser for value of the property, and it is thought there is nothing in this record which even remotely shows that she purchased the land in good faith for value and without notice that Amos' father, Jesse Campbell, owned the property. Evidently Agnes Perkins is not much in sympathy with this suit, since she did not appear and testify as a witness and did not claim to be an innocent purchaser of the property or that she had paid anything therefor. Neither does she claim to have any interest therein except as may vest in her by virtue of said deed. We think it is clear that all of appellee's contentions above made should be sustained.

■ Appellee contends further that the trial court, as a matter of fundamental law, erred in rendering judgment in favor of appellants against appellee for $102.48, together with a foreclosure of lien on the land to secure same, because there is neither pleading nor proof to support said judgment. It is the fundamental law of this state that a judgment must be supported both by pleadings and proof, and a judgment rendered without any pleading to support same presents error apparent of record. 3 Tex. Jur. 820, 821; Grant v. Whittlesey, 42 Tex. 321; Wardlaw v. Farmers' & Merchants' Bank Co. (Tex. Civ. App.) 34 S.W.(2d) 419; Burlington-R. I. Ry. Co. v. McCartney (Tex. Civ. App.) 54 S.W.(2d) 837; Hines v. Walker (Tex. Civ. App.) 225 S.W. 837. There are no pleadings that will support a personal judgment for taxes paid or for money paid to the Federal Land Bank. The only testimony in the record that could in any way support that portion of the judgment is the testimony of J. N. Perkins. The trial court in its judgment found that plaintiffs

had jointly paid $102.48 in taxes and payments to the Federal Land Bank. J. N. Perkins testified that he paid $65 to the Federal Land Bank and taxes for 1931, but he did not testify to the amount of taxes so paid. He is named in the petition only as a party pro forma, and under the holding in the case of Houston Gas & Fuel Company v. Spradlin (Tex. Civ. App.) 55 S.W.(2d) 1086, he did not thereby become a real party to the suit, and no personal judgment should have been rendered in his favor. There is no doubt but that, by reason of an error or oversight on the part of counsel, there were no pleadings presented in so far as the $102.48 is concerned. However, we do not think that this part of the case should be reversed and rendered.

We therefore affirm that part of the judgment awarding Jesse Campbell the 108 acres of land involved herein, and reverse and remand that part of the alleged cause of action in which appellants obtained judgment for $102.48, and all costs shall be adjudged against appellants.