See, also (Tex. Civ. App.) 56 S.W.(2d) 950.

F. W. Fischer, of Tyler, for appellants.

James V. Allred, Atty. Gen., and R. G. Waters, Willis E. Gresham, and A. R. Stout, Asst. Attys. Gen., for the State.

## WRIGHT et al. v. STATE.

### No. 7935.

Court of Civil Appeals of Texas. Austin.
April 25, 1934.

BAUGH, Justice.

Suit was by the state against V. O. E. Wright, W. B. Mackey, and B. E. Wright, doing business under the firm name of W. B. Mackey Company, and against V. O. E. Wright and B. E. Wright, doing business under the firm name of V. O. E. Refining Company, for gasoline taxes and penalties due the state by said defendants on gasoline alleged to have been sold by them between November 1, 1931, and September 1, 1932, but not reported to the state, and on which no taxes had been paid; and for foreclosure of a statutory lien on their refinery in Gregg county, Tex. Trial was to a jury upon special issues, and upon their findings judgment was rendered against V. O. E. and B. E. Wright for $31,975.36, and for foreclosure of a statutory lien on said refinery; from which judgment the Wrights have appealed.

In response to special issues submitted, the jury found that the defendants had sold 750,-000 gallons of gasoline during said period which they had not reported to the state, and on which no tax had been paid; and that their failure to report such sales was willfully done with intention to evade payment of such tax. Though not submitted to the jury, the court found in his judgment that V. O. E. Wright, B. E. Wright, and W. B. Mackey operated said refinery as a partnership from

some time prior to November 1, 1931, to about January 7, 1932, at which time Mackey withdrew therefrom, and that thereafter the same business was continued by V. O. E. and B. E. Wright under the name of the V. O. E. Refining Company. No judgment was rendered against Mackey, but no complaint is made as to his dismissal from the suit.

The first contention made by appellants is that the judgment for the entire amount cannot be sustained for the reason that there was no separate finding of the jury as to how much of such tax accrued while Mackey was a partner, prior to the time he sold his interest to V. O. E. Wright, and for which Mackey was liable; or how much accrued after V. O. E. and B. E. Wright took over the business; and no evidence or finding that V. O. E. Wright assumed any portion thereof due and owing by Mackey. It is also contended that V. O. E. Wright was never a partner in the business with Mackey; and that his wife, B. E. Wright, whose separate estate was invested in the refinery, because of her coverture could not form a partnership with Mackey, and could not therefore be held liable as a partner for such taxes.

■ The state's petition does not allege that the defendants named were partners, but merely that they did business under the firm names indicated. No issue was raised as to said business being a partnership. While V. O. E. Wright did testify that prior to the early part of January, 1932, he did not own an interest in said business, the uncontroverted evidence shows that he had actual control and management of it all along. He appears to have operated it as if it were his individual business. He also testified that his wife's separate funds were invested in it—to what extent is not shown. But nowhere did he or B. E. Wright plead any such investment, nor ask that her separate estate, if any, be protected. Had the trial court rendered any judgment in this regard, it would have been wholly without pleading to sustain it. Nor did he plead his wife's coverture as any impediment to the formation or existence of such partnership. He also testified in effect that the first arrangement with Mackey was in his wife's name to prevent interference from his own creditors. Under such circumstances, and absent any request by appellants for a finding on that issue, we think there was ample evidence to sustain the court's finding of a partnership interest of V. O. E. Wright in said business from the outset. Consequently, so far as he was concerned, dismissal of Mackey as not being liable for

the debts of the partnership does not relieve V. O. E. Wright from liability from those resulting from, and due to, his own conduct of said business. Adkins v. Smithfield Unit of Texas Honey Ball Ass'n (Tex. Civ. App.) 1 S.W.(2d) 725 (writ ref.). It is not controverted that the profits from said business became community property, nor that he had complete control and management of it. Whether his wife, therefore, could form a valid partnership arrangement with Mackey or not, under the undisputed facts of this case and the rule announced in Miller v. Marx & Kempner, 65 Tex. 131, and consistently followed since, V. O. E. Wright became a partner as to third parties in any event. As stated, however, we think the evidence was sufficient to show, as evidently the trial court concluded, that V. O. E. Wright himself had a partnership interest in said business from the beginning, and that he merely used his wife's name for his protection against his own creditors.

■ While there were no pleadings setting up either the coverture of B. E. Wright, or that her separate funds had been invested therein, the testimony showed that she was the wife of V. O. E. Wright. It is now settled that a married woman cannot enter into a partnership in a mercantile business with her husband or with any one else. Miller v. Marx & Kempner, supra; Middlebrook Bros. v. Zapp, 73 Tex. 29, 10 S. W. 732; Purdom v. Boyd, 82 Tex. 135, 17 S. W. 606. And if her separate estate were invested in the business, she merely became a creditor of the firm to that extent, and not a partner. But this does not affect the liability of V. O. E. Wright in his conduct of the business whether he conducted it as partner with Mackey or as sole owner after he had purchased Mackey's interest. He was liable to the state for taxes in either event. Under the proof, however, it was error to render a personal judgment against his wife, B. E. Wright.

■ Appellants' next contention, presented by four propositions, is that under the pleadings and proof the state was entitled to recover at most taxes on only 178,000 gallons of gasoline. There is no merit in this. The state's petition alleged that 1,202,713 gallons had been sold by defendants which had not been reported and on which no taxes had been paid. Of this amount 178,000 was alleged to have been sold to named purchasers. The remainder was alleged to have been sold to persons unknown to the appellee. The proof showed that the V. O. E. Refining Company kept very inadequate books on their sales; but a former employee identified private

records kept by him of said refinery's business during said period, which were introduced in evidence. These records were audited by an auditor of the state comptroller's office, and showed numerous sales by said refinery of which its books showed no record. The statement of facts is voluminous, and much of the evidence is more or less circumstantial. It would unduly prolong this opinion to undertake even to summarize it here. Suffice it to say that a careful reading of it discloses amply sufficient evidence to warrant the jury in finding a deliberate course of conduct on the part of V. O. E. Wright to evade payment of taxes due the state, and would have sustained a jury finding of unreported sales by said refinery of more than 750,000 gallons. Large amounts of oil were traced to the refinery of which its own books showed no record. Sales of gasoline at the refinery were likewise shown by the state's witnesses which were not shown by the books of the refinery. The jury was therefore authorized to find that oil shown to have been run to or in the possession of said refinery, the disposition of which was not accounted for on the books of the refinery, was refined into gasoline and sold by the refinery.

Appellants' next contention is that the Acts of the 2d C. S. 41st Leg. (1929), ch. 88, p. 186, § 17, did not give the state a preferred lien on said refinery to secure the payment of such taxes; and that the amendment of same by the Acts 43d Leg. (1933) p. 75, c. 44 (Vernon's Ann. Civ. St. art. 7065a—1 et seq.; Vernon's Ann. P. C. art. 141a—1), which latter act (section 7 [Vernon's Ann. Civ. St. art. 7065a—7]) expressly gave a lien on refineries, manifests a legislative interpretation that such former act did not extend to and fix a lien on such refinery. We do not sustain this contention. The act in force when this case was tried and when such tax delinquencies occurred provided that such taxes "shall be a preferred lien * * * upon all of the property of any distributor, devoted to or used in his business as a distributor," etc. This statute as amended by the 43d Legislature names and designates specifically several kinds of property to which such lien shall apply. We do not construe the amendment by the 43d Legislature of the former act as any interpretation that the properties named in the latter act were not included in the former. It merely clarifies, we think, and makes more specific the terms of the former act. It is the settled rule of construction that the language of the Legislature should be construed so as to give effect to the manifest purpose of the lawmaking body.

In the instant case, so far as the record shows, the V. O. E. Refining Company had no filling stations nor other agencies of distribution. Its gasoline was, for the most part, sold at the refinery for cash, and hauled away in trucks belonging to others. To place appellants' interpretation on said act would amount to a denial to the state in the instant case of any lien whatever on any property as security for its taxes. Such was obviously not the purpose of the Legislature.

For the reasons stated, the judgment of the trial court is reformed so as to deny any personal judgment against B. E. Wright, wife of V. O. E. Wright; but in all other respects the judgment is affirmed.

Reformed in part, and in part affirmed.