J. B. HIRSHFELD & COMPANY, INCORPORATED, V. A. D. EVANS ET AL.

No. 6482.   Decided April 22, 1936.
(93 S. W., 2d Series, 148.)

*E. D. Slough,* of Amarillo, for plaintiff in error.

The enlarged power given to married women by the Acts of 1913, as now amended, enabled the wife without restriction, to contract in reference not only to her separate property but to that class of community property placed under her control and excluded from contracts of the husband, and this power includes the operation and management of a stock of merchandise, it being her separate property. Teague v. Burk, 3 S. W. (2d) 461; Levin v. Jeffers, 122 Texas, 83, 52 S. W. (2d) 81; Speer's Marital Rights, p. 363; 23 Texas Jur., p. 304.

No brief on file for defendant in error.

MR. PRESIDING JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

A complete statement of this case by the Court of Civil Appeals is reported in 56 S. W. (2d) 683.

The point involved is whether a married woman, not having complied with the provisions of Art. 4626, Rev. Stat., 1925, by obtaining an order of court, removing her disabilities of coverture and declaring her feme sole for mercantile and trading purposes, may be held personally liable for the price of goods purchased by her in the conduct of a store, on an allegation that the stock of merchandise was her sole and separate property.

The Court of Civil Appeals correctly held that a personal action cannot be maintained against her, where the petition fails to show compliance with said statute.

The Legislature having the right to confer sole management, control and disposition of the wife's separate property on her, had also the right to prescribe the conditions and restrictions, if any, under which that right may be exercised.

The circumstances under which the wife may become *sole* for mercantile and trading purposes, being prescribed, the rule of implied exclusion obtains. Arnold v. Leonard, 114 Texas, at p. 540, 273 S. W., 799. An order of the district court is required before she can be treated in law, as a merchant or operator for mercantile and trading purposes, and her separate estate subjected to her obligations incurred as such.

The judgments of the trial court and Court of Civil Appeals are affirmed.

Opinion adopted by the Supreme Court April 22, 1936.