## WITHERSPOON v. G. HEILEMAN BREWING CO.

### No. 5676.

Court of Civil Appeals of Texas. Texarkana.

Oct. 31, 1940.

Butler & Price, of Tyler, for appellant.

Ramey, Calhoun & Marsh, of Tyler, for appellee.

JOHNSON, Chief Justice.

G. Heileman Brewing Company filed this suit alleging:

"Comes now G. Heileman Brewing Company, a corporation, incorporated under and by virtue of the laws of the State of Delaware hereinafter called Plaintiff, complaining of Joseph Witherspoon and wife, E. M. Witherspoon, of Smith County, Texas, individually and jointly and doing business as Pearl Distributing Company, hereinafter called Defendants, and represents to the Court:

"That heretofore, to-wit, on the dates shown in the paragraph below, Plaintiff, at the special instance and request of Defendants, and each of them, sold and delivered to Defendants as buyers in the regular course of business, the goods, wares and merchandise shown in such paragraph below; that the Defendants and each of them therefore became bound to the Plaintiff on demand to pay so much money as said goods, wares and merchandise were reasonably worth; that said goods, wares and merchandise on such dates so delivered were as follows and were reasonably worth the several sums of money set out in connection with them, respectively, below:" (Here is set out the account, consisting of the invoice of one carload of beer in amount of $1,920 from which certain credits were deducted, leaving an alleged unpaid balance of $1,-517.76. The account is duly verified.)

The petition prays "that plaintiff have judgment against Joseph and E. M. Witherspoon, and Joseph Witherspoon and E. M.

Witherspoon doing business as Pearl Distributing Company, jointly and severally," for the sum of $1,517.76 and costs.

The defendants, Joseph Witherspoon and wife, E. M. Witherspoon, filed separate answers. The answer of the defendant Joseph Witherspoon consisted of general demurrer, general denial and verified plea of denial of partnership. The answer of defendant Mrs. E. M. Witherspoon consists of a general demurrer, and a special exception reading as follows: "This defendant, E. M. Witherspoon, specially excepts to plaintiff's petition on the ground that it appears from the allegations therein that she, the defendant, is and was at all times therein mentioned, a married woman, and the wife of Joseph Witherspoon, and it not further appearing that her disabilities of coverture have been removed in the manner and form provided by the laws of this state."

The answer of Mrs. E. M. Witherspoon further contains a general denial and a special plea of coverture duly verified. The general demurrer and the special exception of defendant Mrs. E. M. Witherspoon was presented to and overruled by the court, to which action she duly excepted as evidenced by bills of exception approved and filed in the record. Trial of the cause to the court without a jury resulted in judgment for plaintiff against defendants, Joseph Witherspoon and E. M. Witherspoon, "individually and severally" for $1,029.93, interest and costs of suit. The defendant Mrs. E. M. Witherspoon duly excepted to the judgment and has perfected her appeal. Joseph Witherspoon did not appeal. No statement of facts accompanies the record. At the request of the appellant, Mrs. E. M. Witherspoon, the trial court filed his findings of fact and conclusions of law. It appears from the facts found that prior to any of the matters here involved Mrs. E. M. Witherspoon received some money from insurance, the amount of which is not shown, which money was her separate property; that with said money Mrs. Witherspoon went into the mercantile and trading business of buying beer from the wholesaler and distributing same to retailers, under the trade-name of Pearl Distributing Company; that an affidavit was filed in the office of the county clerk of Smith County, Texas, the county in which the business was being conducted, showing that she was the sole owner of the business being conducted under the trade-name of Pearl Distributing Company; that with the full consent and agreement of Mrs. E. M. Witherspoon the business was in fact managed and controlled by her husband, Joseph Witherspoon; that in July, 1937, Heileman Brewing Company entered into an agreement signed by Joseph Witherspoon and E. M. Witherspoon whereby the Pearl Distributing Company was appointed state agent or distributor in the State of Texas for Heileman Brewing Company's beer, authorizing the Witherspoons to engage local distributors for such beer in Texas, and allowing them a commission ranging from 3 cents to 10 cents per case on all beer sold; that in September, 1937, this agreement was by consent of all parties modified so that Heileman Brewing Company agreed to ship to Joseph Witherspoon and E. M. Witherspoon, in the name of Pearl Distributing Company, one carload of beer on open account, and thereafter as each car of beer was ordered remittance was to be made by them for the previous car, providing, further, that the open account would be paid in full by April, 1938, and thereafter all shipments of beer should be paid for as and when ordered; that it was under the agreement as modified in September, 1937, that the car of beer was ordered and shipped on open account for the unpaid balance of which this suit was filed; the court further found that E. M. Witherspoon was at all times material here, and is now, the wife of Joseph Witherspoon and that she had never obtained an order or judgment of the district court removing her disabilities of coverture and declaring her feme sole for mercantile and trading purposes (as authorized by R.C.S.1925, Article 4626).

The appellant, Mrs. E. M. Witherspoon, has assigned as error the action of the trial court: (1) Overruling her general demurrer; (2) in overruling her special exception to appellee's petition; and (3) in entering judgment holding her personally liable upon the account. We believe that each of the assignments is well founded. The suit is upon an account for goods, wares and merchandise, to-wit, one carload of beer, alleged to have been sold and delivered to defendants at their special instance and request as buyers in the regular course of business. The petition on its face discloses the coverture of defendant E. M. Witherspoon, and it fails to affirmatively allege that the account was one incurred for necessaries for herself or children, or for the benefit of or in the management of her separate property, or that she had obtained an order of court removing her disabilities

of coverture and declaring her feme sole for mercantile and trading purposes, or any other allegation which would authorize a personal action to be maintained against a married woman. Such a petition is subject to general demurrer. Hirshfeld & Co. v. Evans, 127 Tex. 254, 93 S.W.2d 148; Trimble v. Miller, 24 Tex. 214; Wadkins v. Dillingham, Tex.Civ.App., 59 S.W.2d 1099; 23 Tex.Jur. 342, Sec. 294; Speer's Marital Rights, 3d Ed., p. 653, Sec. 530. We are also of the opinion that the facts as found fail to show any liability on the part of appellant, Mrs. E. M. Witherspoon. Hirshfeld & Co. v. Evans, supra; Harris v. Prince, 132 Tex. 231, 121 S.W.2d 983; Jesse H. Jones & Co. v. Black, Tex.Civ.App., 42 S.W.2d 151.

The judgment of the trial court will be reversed and the cause remanded.