### JUNG et al. v. DALLAS TAILOR & LAUNDRY SUPPLY CO., Inc.

### No. 6266.

Court of Civil Appeals of Texas. Amarillo.

Jan. 5, 1953.

Rehearing Denied Feb. 9, 1953.

Wade, Davis & Callaway, Fort Worth, for appellants.

Oster, Kaufman & Lerner, Dallas, for appellee.

MARTIN, Justice.

Appellee, Dallas Tailor & Laundry Supply Co., Inc., brought suit against Grace Kell Jung and husband, E. S. Jung, and Ralph L. Kell and M. R. Carb, Sr., receiver, to recover the sum of $5,530.19 for supplies and equipment sold to Ralph L. Kell and Grace Kell Jung as partners in a laundry business. E. S. Jung was only made a party pro forma and no personal judgment was rendered against him. Only Grace Kell Jung and husband, E. S. Jung, have appealed from an adverse judgment of the trial court and Grace Kell Jung is referred to herein as appellant.

Appellee, plaintiff in the trial court, "sought recovery against Grace Kell Jung and Ralph L. Kell as partners and sought to enforce the personal liability incumbent upon partners" by taking personal judgment against appellant, Grace Kell Jung, for the supplies and equipment bought for the partnership laundry. The only point raised on this appeal is whether the trial court correctly rendered a personal judgment against appellant as a partner in the laundry contra to her defense of coverture as presented in the cause.

Appellee established by uncontroverted evidence that appellant and Ralph L. Kell entered into a partnership in conducting the laundry business in issue. Appellee proceeds in the cause on the theory that appellant's separate funds were invested in the partnership laundry business and that the laundry thereby became her separate property and appellant's purchases from appellee of supplies and equipment to be used in the partnership laundry were for the benefit of appellant's separate estate and she was therefore personally liable for the purchase price thereof. On such issue, appellee diligently sought to prove that appellant's separate funds were used to purchase the partnership business, while appellant as diligently sought to prove that her separate funds were not used to purchase the part-

nership laundry but that the funds invested therein were community property of appellant and her husband. Appellant also proved that she was a married woman at all times material and that her disabilities of coverture had never been removed.

The trial court apparently followed appellee's theory in the cause and held that the evidence supported the issue that appellant's separate funds were invested in the partnership laundry business and therefore the purchase of equipment and supplies for such laundry was a binding obligation on appellant as a contract made for the benefit of her separate estate. Appellant perfected an appeal from the judgment holding her personally liable for the debt as due appellee. By three points of error appellant asserts that since there was no evidence that the purchases in question were for the benefit of appellant's separate estate and the proof showing that she was a married woman at all times material and that her disabilities of coverture had not been removed, the trial court erred in rendering a personal judgment against her.

The issue as made in the trial court and on appeal will not support the judgment rendered in the cause. Since the uncontroverted evidence established that appellant purchased an interest in the laundry as a partnership business, it is immaterial whether her separate funds were invested in said partnership in so far as concerns the rendition of personal judgment against her for purchases made for supplies and equipment to operate the business. In Miller v. Marx & Kempner, 65 Tex. 131, the Supreme Court ruled as follows:

"This court has heretofore determined that a wife cannot become a partner in business, either with her husband or anyone else. * * * It follows naturally that her separate estate cannot be subjected to any of the debts of such an attempted partnership; and her claim as against the party, or parties, with whom she endeavored to enter into business, would not be that of a partner, but she would doubtless be a creditor to the extent of the separate property she had thus invested."

The authorities are uniform in applying the above quoted rules to the issue pleaded and proven in this cause and submitted on appeal. A married woman cannot be held personally liable on a contract or obligation for merchandise and equipment used to operate a partnership business such as revealed in this cause. Appellant's points of error are accordingly sustained. Miller v. Marx & Kempner, supra; Wright v. State, Tex.Civ.App., 71 S.W.2d 352, syl. 2–4; Dillard v. Smith, Chief Justice, 146 Tex. 227, 205 S.W.2d 366, syl. 1–2; Witherspoon v. G. Heileman Brewing Co., Tex.Civ.App., 144 S.W.2d 1017; J. B. Hirshfeld & Co. Inc. v. Evans, 127 Tex. 254, 93 S.W.2d 148.

The record in the cause reveals no sound issue excusing appellant from payment of the obligation due appellee other than appellant's plea of coverture. Under the authorities herein cited, the trial court erred in awarding a personal judgment against appellant as a partner in the laundry business. No judgment was taken against E. S. Jung, husband of appellant. Since the ends of justice will be better subserved by remanding the cause, the judgment of the trial court is reversed and the cause remanded. Vernon's Texas Rules of Civil Procedure, Rule 434; London Terrace, Inc., v. McAlister, 142 Tex. 608, 180 S.W.2d 619, syl. 3.