K. B. WYNER, Appellant,

v.

EXPRESS PUBLISHING COMPANY,
Appellee.

No. 12955.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 23, 1956.

Rehearing Denied April 4, 1956.

Levey & Goldstein, San Antonio, for appellant.

Emmett B. Cocke, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Express Publishing Company, a corporation, against Louis Wyner and his wife, K. B. Wyner, alleged to be doing business under the assumed name of Alamo Beauty College, seeking to recover upon a sworn account in the sum of $453.01, together with interest and attorney's fees, for advertising furnished defendants in connection with the Alamo Beauty College. The defendant Louis Wyner answered denying that he had ever done business under the name of Alamo Beauty College or contracted for the advertising and was therefore not liable for plaintiff's account. The defendant K. B. Wyner answered setting up her coverture as a married woman.

The trial was to the court without the intervention of a jury and resulted in the sustaining of the plea of the husband and the overruling of the plea of the wife, and, accordingly, judgment was rendered against Mrs. K. B. Wyner in the sum of $593.78. From that judgment K. B. Wyner alone has prosecuted this appeal.

Appellant contends that the court erred in overruling her plea of coverture. The Alamo Beauty College was listed on the assumed name records of Bexar County and showed K. B. Wyner as sole owner. K. B. Wyner had never had her disabilities as a married woman removed for business purposes, under the provisions of Art. 4626, Vernon's Ann.Civ.Stats.

The husband, Louis Wyner, testified that the beauty college was the separate property of his wife and completely under her management; that he never had anything whatever to do with its management and had not contracted for the advertising nor obligated himself to pay for it. The undisputed evidence showed that at all relevant times appellant, K. B. Wyner, was a married woman and had not had her disabilities of coverture removed for business purposes. On this testimony the trial court found that the husband, Louis Wyner, was not responsible for the debt and discharged him from all liability. There is no appeal from this part of the judgment.

Appellee contends that this contract was for the benefit of the wife's separate property and, therefore, binding upon her. It is true that a married woman has the right to make necessary contracts incidental to the protection, preservation, management, control or disposition of her separate property, but the only separate property of appellant here involved was her equipment used in her beauty college, and this advertising contract cannot be said to have been made in the necessary protection, preservation or management of this property. It is clear that the advertising was for the purpose of facilitating the conduct of her beauty college.

Appellant in conducting her beauty college was engaged in a trade or mercantile business within the meaning of provisions of Art. 4626, Vernon's Ann.Civ. Stats. She sold courses in her beauty college for the sum of $225, to persons desiring to learn the occupation of a cosmetologist, and thereafter they were trained in her beauty college. Before appellant can make contracts which are binding upon her for the purpose of facilitating such a business she must first go into court, with the consent of her husband, and have her disability of coverture removed for business purposes. Art. 4623 and Art. 4626, Vernon's Ann.Civ.Stats.; Jesse H. Jones & Co. v. Black, Tex.Civ.App., 42 S.W.2d 151; J. B. Hirshfeld & Co. v. Evans, 127 Tex. 254, 93 S.W.2d 148; Keigh v. Allen, Tex. Civ.App., 153 S.W.2d 636; Lee v. Hall Music Co., 119 Tex. 547, 35 S.W.2d 685; United States v. Belt, D.C., 88 F.Supp. 510, 511.

The contract for the advertising was voidable at the option of appellant and she is here seeking to assert that option and have the contract declared void, which she undoubtedly has a legal right to do. Leake v. Saunders, 126 Tex. 69, 84 S.W.2d 993.

Appellee relies upon Cauble v. Beaver-Electra Refining Co., 115 Tex. 1, 274 S.W. 120. Pleasants, Chief Justice, in speaking for the Court in Jesse H. Jones & Co. v. Black, Tex.Civ.App., 42 S.W.2d 151, very carefully points out just why the Cauble case is not in point in a case such as the one at bar.

The judgment of the trial court is reversed and judgment here rendered that appellee take nothing.