AMERICAN INDEMNITY CO. v. NELSON
et al. (No. 7496.)

(Court of Civil Appeals of Texas. Galveston. Feb. 21, 1918.)

1. MASTER AND SERVANT ⬥➡398 — WORK-MEN'S COMPENSATION ACT—MEDICAL AID—NECESSITY FOR NOTICE TO INSURER.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5246k, providing that an insurer shall furnish medical aid during the first week of an injury to a servant, if it receives reasonable notice of the injury, a servant cannot recover for medical aid where the insurer was not notified of the injury and given an opportunity to furnish its own physician.

2. MASTER AND SERVANT ⬥➡389—WORKMEN'S COMPENSATION ACT — MEDICAL EXPENSES — WHO MAY RECOVER.

Any one who pays for medical services for a servant may recover from the insurer, under Vernon's Sayles' Ann. Civ. St. 1914, art. 5246k, providing that insurer pay for one week's medical aid to an injured servant.

Appeal from Galveston County Court; Geo. E. Mann, Judge.

Suit by T. L. Kennedy against May and W. E. Nelson. Defendants had the American Indemnity Company made a party defendant. Judgment for plaintiff against May and W.

E. Nelson, and in their favor over against the Indemnity Company, and it appeals. Reversed and rendered.

Terry, Cavin & Mills, of Galveston, for appellant. Aubrey Fuller and V. M. Clark, both of Galveston, for appellees.

PLEASANTS, C. J. This appeal is from a judgment in favor of appellees against appellant for $150. The judgment was rendered in a suit brought by T. L. Kennedy against appellees, May Nelson and W. E. Nelson, to recover the sum of $225 alleged to be the reasonable compensation due him for medical services rendered by him to William Nelson, the minor son of appellees. May Nelson and W. E. Nelson answered, alleging that at the time William Nelson received the injuries which made the plaintiff Kennedy's services necessary, he was employed by the Fellman Dry Goods Company, and that the Fellman Dry Goods Company was a subscriber under the Texas Workman's Compensation Act of 1913 (Acts 33d Leg. c. 179 [Vernon's Sayles' Ann. Civ. St. 1914, art. 5246h–5246zzzz]), and that American Indemnity Company, appellant, was the "association" which under the act insured the payment of the compensation provided by the act to the employés of the Fellman Dry Goods Company. They further alleged facts showing that William Nelson's injuries were received in the course of his employment with the Fellman Dry Goods Company, and alleged that under the provisions of section 7 of part I of the act, the said American Indemnity Company was required during the first week of William Nelson's injuries to furnish reasonable medical aid, hospital services, and medicines, which they alleged were not furnished by the American Indemnity Company. They, therefore, had the American Indemnity Company, appellant here, made a party defendant to the suit, and prayed for judgment over against it for any sum for which they might be held liable to the plaintiff. Appellant answered by general demurrer and general denial. The case was tried by the court with a jury, and on the answers of the jury to special issues submitted to it by the court, judgment was rendered in favor of Dr. Kennedy against May Nelson and W. E. Nelson for $200, and in favor of May Nelson and W. E. Nelson over against appellant for $150.

The facts are undisputed. William Nelson, the minor son of appellees, who was in the employment of the Fellman Dry Goods Company, was injured in the performance of the duties of his employment on November 9, 1915. The Fellman Dry Goods Company was a "subscriber" under the Texas Workman's Compensation Act of 1913, and the appellant was the "insurer" under said act of the employés of said company. Immediately after the accident the Fellman Company

---

called Dr. W. E. Fisher, Jr., to attend to the boy's injuries. Dr. Fisher took him to an infirmary and dressed his wounds, and about two hours thereafter he was taken to his parents' home. Appellees then called in Dr. Kennedy who was their family physician, and he treated the boy until his injuries were healed.

The jury found that the reasonable value of the medical services rendered by Dr. Kennedy during the first week of the injury suffered by William Nelson was $150. This finding is not assailed by appellant. There is no evidence that any notice of William Nelson's injury was given to appellant before Dr. Kennedy was employed by appellees to treat him, nor that appellant knew of his injury during the time he was being treated. Dr. Fisher did not see the boy after he was taken from the infirmary. He testified:

"I was not called to further treat the case, but was willing and ready to treat it at any time. I understood that Dr. Kennedy had afterwards been called in by Mrs. Nelson. The American Indemnity Company finally paid my bill amounting to $25 for the services I performed to the boy."

The statute under which the liability of appellant is claimed is article 5246k, Vernon's Sayles' Texas Civil Statutes. This article is as follows:

"During the first week of the injury the association (the insurer) shall furnish reasonable medical aid, hospital services, and medicines when needed, and if it does not furnish these immediately, as and when needed, it shall repay all sums reasonably paid or incurred for same, provided, reasonable notice of injury shall be given to the said association."

[1] It seems to us that this statute is plain and unambiguous, and that by its plain terms no association or insurance company organized or acting thereunder in insuring the employés named in the act can be held liable for medical aid furnished an injured employé unless the insurer is given reasonable notice of the injury before such medical aid is furnished. The obvious purpose of requiring this notice to be given is to give the insurer an opportunity to select and contract with a physician of his own choosing. The final result of an injury to an employé and the consequent amount of the insurer's liability may often depend largely upon the medical treatment given during the first week of the injury, and charges for such treatment might be much less when done under a contract made by the insurer than when left to be determined by evidence, which is often conflicting, of the reasonable value of the medical treatment. For these reasons it seems to us entirely proper that before an insurer is made liable for money paid or incurred for medical aid furnished an insured employé that the insurer should be given an opportunity to furnish such aid. But whatever may be the reason for the statute, as before said, we think its language is plain

and unambiguous, and it must be construed as making the liability of the insurer dependent upon failure to furnish medical aid after reasonable notice of the injury. Statutes of other states similar to ours have been so construed. Huntington v. Parlier, 1 California Accident Comm. Dec. 10; Pecott v. American Ins. Co., 223 Mass. 546, 112 N. E. 217; City of Milwaukee v. Miller, 154 Wis. 652, 144 N. W. 188, L. R. A. 1916A, 1, Ann. Cas. 1915B, 847; Green v. Burke, 1 Cal. Ind. Acci. Com. Decisions, 13.

We think appellant's assignment which complains of the judgment on the ground that there is no evidence showing any liability of appellant for the amount claimed by appellees in this suit should be sustained.

[2] The writer is also of opinion that in no event could appellees be entitled to recover the amount paid by them for medical aid furnished their son. The rights given by the Texas Workman's Compensation Act is to the injured employé, and any suit brought under the statute for compensation of any kind due thereunder must be brought by the employé or his representative. The majority of the court, however, do not think the right to sue for money paid or incurred for medical services rendered an injured employé is only given by the statute to the employé, but that any person who pays for such medical aid or incurs liability therefor may sue the association and recover the amount so paid or incurred.

For the reason first above stated, the judgment of the court below is reversed and judgment here rendered for appellant.

Reversed and rendered.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes