**MAYS & MAYS et al. v. FLATTERY.**
**(No. 1487.)**

(Court of Civil Appeals of Texas. El Paso.
May 10, 1923. Rehearing Denied
June 7, 1923.)

1. **Appeal and error ⊜1024(1)—Trial court's finding on issue of agreement by counsel controls.**

Where error was assigned to overruling of defendants' motion for new trial after judgment at trial, where defendants failed to appear in person or by their attorneys, the issue on such motion relating to an alleged agreement between counsel for the parties, which was denied, *held*, that the trial court's finding upon the issue adverse to plaintiffs in error controlled.

2. **Judgment ⊜366—Overruling motion for new trial because of illness of one of defendants' attorneys held not abuse of discretion.**

Where error was assigned to overruling of defendants' motion for new trial after judgment at trial where defendants failed to appear in person or by their attorneys, *held*, that the trial court's discretion was not abused in overruling the motion based on illness of one of the defendants' attorneys.

3. **Appeal and error ⊜301—Error as to the admission or the weight given evidence must be assigned in motion for new trial.**

Error in the admission of evidence and in making a finding unsupported by evidence must be assigned in the motion for new trial, and cannot be raised for the first time on appeal.

4. **Appeal and error ⊜719(8), 1173(1)—Personal judgment by default against defendant not served held fundamental error, necessitating reversal as to all defendants.**

In action against several defendants, where all defendants except H. answered, and the record showed no service of citation upon him, but the judgment recited due service upon him, and after trial, at which defendants did not appear either in person or by attorney, personal judgment was rendered against each of them, *held*, on writ of error by defendants, that personal judgment against H. was not authorized, under Rev. St. arts. 1863, 2006, as the record disclosed neither service of citation upon him, waiver, or appearance, and that such error was fundamental, and would be corrected, although not assigned, and necessitated reversal as to all the defendants.

5. **Appeal and error ⊜493—Jurisdiction must be shown by record independent of recital in judgment.**

Upon appeal from a default judgment jurisdiction over the person of the defendant must be shown by the record independent of the recital in the judgment.

Error from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by James Flattery against Mays & Mays and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

F. M. Chaney and Mays & Mays, all of Fort Worth, and C. P. Chastain, of Eastland, for plaintiffs in error.

J. E. Ingram, of Fort Worth, and Burkett, Orr & McCarty, of Eastland, for defendant in error.

HIGGINS, J. The defendant in error sued the plaintiffs in error, Mays & Mays, a partnership, and the individual members thereof, to recover the sum of $2,000, it being alleged that the partnership was composed of Charles, Will, John, and Howard Mays. The partnership and the individual members Charles, Will, and John Mays filed answers by their attorneys. No answer by Howard Mays is found in the record, nor does any service of citation upon him or waiver thereof appear. The judgment recites due service upon him. Upon trial personal judgment for $1,000, with interest, was rendered against the partnership and each of the individual members. Upon trial the defendants failed to appear either in person or by their attorneys. Motion for new trial was filed by plaintiffs in error, setting up that they had a meritorious defense, and the reasons for their failure to appear at the trial. Evidence in support of the motion was heard by the court, and the motion overruled. The original motion was filed 8 days after the judgment was rendered.

[1, 2] Error is assigned to the overruling of the motion. The court heard evidence in support of the reasons assigned for the failure of counsel for plaintiffs in error to appear. The issue upon this phase of the case related to an alleged agreement by one of the counsel for plaintiffs in error with counsel for defendant in error. Such agreement was denied, and the court's adverse finding upon the issue controls. Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195. Another ground set up was that said counsel was ill at the time the case was heard. This, however, did not excuse the absence of the other attorney whose name was signed to the answer. Furthermore, it is very apparent that notwithstanding his illness the attorney by proper diligence could have prevented the default and none is shown. The mere temporary and slight illness of an attorney when a case is called for trial does not relieve him of the duty of making an effort to procure postponement or continuance. This is a matter easily called to the attention of the trial court, and always heeded in a proper case. We are therefore of the opinion that the discretion vested in the trial court was not abused in overruling the motion because of the illness of one of the attorneys.

[3] The parties who answered filed a sworn denial of partnership. Error is assigned to the admission of certain evidence offered by

defendants in error to prove partnership, and it is also urged that such evidence had no probative force; therefore the adverse finding upon the partnership issue is unsupported by the evidence. No such error was assigned in the motion for new trial and it cannot be raised for the first time upon appeal.

[4] For the reasons indicated the various assignments are overruled, but the rendition of the personal judgment against Howard Mays was not authorized, because the record discloses neither service of citation upon him, waiver, or appearance by answer filed or otherwise. Articles 1863 and 2006, R. S.

[5] Upon appeal from a default judgment jurisdiction over the person of the defendant must be shown by the record independent of the recital in the judgment. This error in rendering personal judgment against Howard Mays is fundamental, and will be corrected, though not assigned. Glasscock v. Barnard, 58 Tex. Civ. App. 369, 125 S. W. 615, and cases there cited. This error necessitates reversal as to all the plaintiffs in error. Danner v. Walker-Smith Co. (Tex. Civ. App.) 154 S. W. 295; Miller v. Bank (Tex. Civ. App.) 184 S. W. 614.

Reversed and remanded.