## BROWN et al. v. JONES et al.
### No. 5086.

Court of Civil Appeals of Texas. Amarillo.
Nov. 27, 1939.

K. E. Bain, of Floydada, for appellants.

Ayres & Ayres, of Floydada, for appellees.

JACKSON, Chief Justice.

Emma Jones, joined pro forma by her husband, Edgar F. Jones, filed this suit in the District Court of Floyd County on September 12, 1938 against W. Edd Brown and R. Fred Brown to cancel and annul a deed alleged to be a mortgage against their homestead executed by Emma and Edgar F. Jones conveying to W. Edd and R. Fred Brown certain lots in the town of Floydada.

The petition, after giving the marginal venue, the term of court and the address, commences: "Your petitioner, Emma Jones, joined herein pro forma by her husband, Edgar F. Jones, hereinafter called plaintiffs, complaining of W. Edd Brown and R. Fred · Brown, hereinafter called defendants, would with respect show to the court."

Thereafter the cause of action is alleged and Emma and Edgar F. Jones are called "plaintiffs" and the prayer is that "plaintiffs" have judgment against the defendants.

On October 11, 1938 the defendants answered by general demurrer, general denial, plea of not guilty, the four and ten years statutes of limitation, and alleged that the deed sought to be cancelled was not a mortgage but a bona fide transaction evidenced by valid conveyance to them of the lots involved for the sum of $3,000 paid, a valuable consideration.

On October 18, 1938, with leave of the court, what is designated as plaintiffs' first amended original petition was filed, the commencement of which is as follows:

"Comes now the plaintiffs herein and with leave of the court file this their first amended originial petition herein in lieu of their original petition filed herein on the 12th day of September, 1938, and would with respect show to the court.

"1.

"That plaintiffs were at the time of the transaction hereinafter complained of and are at this time husband and wife and reside in Floydada, Floyd County, Texas, and that the defendants both reside at Floydada in Floyd County, Texas."

The plaintiffs then set out in the first amended original petition the cause of action contained in the original petition and allege in effect that about April 2, 1920 plaintiffs purchased Lots Nos. 14, 15 and 16 in Block "C", Bowers & Price Addition to the town of Floydada, for the purpose and with the intention of improving said lots and occupying them as their home; that promptly after acquiring title plaintiffs did construct and build upon said lots a residence for their home and moved into it with their three minor children and have continuously since used, claimed and occupied said building and lots as a home and have never at any time acquired or occupied any other property for a home; that during the time plaintiffs were occupying the property as their home plaintiff Edgar· F. Jones became indebted to defendants in the sum of approximately $3,000; that on July 23, 1928 and prior thereto the defendants requested and urged plaintiffs to secure said $3,000 by executing and delivering to them a mortgage lien against their homestead; that they finally acceded to such request, agreed to give defendants a lien on the homestead and executed and delivered to defendants the instrument dated July 23, 1928 conveying the homestead to defendants to secure the $3,000 debt of said Edgar F. Jones by a lien against their said homestead; that the instrument on its face was an absolute deed of conveyance but was executed and delivered for the sole purpose and with the sole intention of attempting to fix and create a lien against the homestead of plaintiffs to secure the indebtedness of Edgar F. Jones to defendants. The prayer was that plaintiffs have judgment.

The case was tried without the aid of a jury on October 18, 1938 and the dis-

position of the case and the judgment to be rendered therein was taken under consideration by the court.

On November 5, 1938 the plaintiffs obtained permission of the court and over the objections of defendants filed a trial amendment to their first amended original petition, the essential part of which reads as follows: "Your petitioners, Emma Jones and husband, Edgar F. Jones, plaintiffs, (the said Edgar F. Jones appearing herein as a real and actual party plaintiff and not merely pro forma) complaining of W. Edd Brown and R. Fred Brown, defendants, would with respect show to the court."

Thereafter the court rendered judgment to the effect that the purported deed conveying the land in controversy to the Browns be in all things cancelled, set aside and for naught held and that the plaintiffs, Edgar F. and Emma Jones have and recover of and from the defendants, W. Edd and R. Fred Brown, title to Lots 14, 15 and 16, in Block C, free and clear of all claims, liens or incumbrances asserted by the defendants, and from such action of the court this appeal is prosecuted.

The appellants by proper assignment contend that it was an abuse of discretion for the trial judge to allow appellees to file a trial amendment after the evidence had been closed and at the same time refuse appellants' request for a retrial of the cause since the trial amendment changed the pleadings.

■ The court found in his findings of fact that Emma Jones and Edgar F. Jones were husband and wife, acquired the title to the property involved in this controversy in 1920, immediately erected a residence thereon and had used and occupied such property as their homestead continuously since said date; that the plaintiffs borrowed from the defendants $3,000 and to secure the payment thereof executed the deed herein sought to be cancelled purporting to convey the lots described to the defendants with the understanding that the deed should constitute a lien to secure the payment of the $3,000 loan and not a conveyance of title. These findings are not challenged by the appellants and it follows conclusively therefrom that the plaintiffs were husband and wife; that the property was their community homestead and that the purported deed was void and the judgment of the court is correct if the amended petition is sufficient to support the judgment or if the court did not abuse

his discretion in permitting the plaintiffs to file the trial amendment.

■ In our opinion the original petition in which Emma Jones designated herself as "your petitioner * * * joined pro forma by her husband, Edgar F. Jones," constituted Mrs. Jones the only party plaintiff at interest notwithstanding that later in the petition the word "plaintiffs" was employed several times. We think that a party made a party pro forma continues in that capacity until his status is changed by appropriate allegations.

In Yellow Cab & Baggage Co. v. Smith et al., Tex.Civ.App., 30 S.W.2d 697, 702, it is said: "The term 'pro forma' is defined in Webster's Unabridged Dictionary as 'for the sake of form; as a matter of form.' In 32 Cyc., p. 956, pro forma is defined 'as a matter of form.' In Black's Law Dictionary (2d Ed.) it is said that: 'The formal parties are those who have no interest in the controversy between the immediate litigants. * * * Nominal parties are those who are joined as parties or defendants, not those that have any real interest in the subject matter or because any relief is demanded as against them, but merely because the technical rules of pleading require their presence in the record.' "

In Rhodes v. Taliaferro et al., Tex.Civ. App., 119 S.W.2d 703, 705, the court says:

"The petition upon which both plaintiffs relied disclosed that Mrs. Taliaferro was a married woman. Her husband was joined 'pro forma'; this means that he was named simply as a matter of form, and did not thus become a party to the suit. Houston Gas & Fuel Co. v. Spradlin, Tex.Civ.App., 55 S.W.2d 1086; Hill v. Kelsey, Tex.Civ. App., 89 S.W.2d 1017, writ dismissed; Yellow Cab & Baggage Co. v. Smith, Tex. Civ.App., 30 S.W.2d 697, writ dismissed.

\* \* \* \* \* \*

"It is a well settled rule of law in this state that a married woman may not sue to recover even her separate property or damages thereto, unless she alleges that her husband has failed and neglected to do so; if she seeks a recovery of the property in her own right, she must allege facts, which, if proven, would fix the title in her."

■ Under these authorities, Mrs. Jones was not entitled to recover judgment under the original petition. However, on October 18, 1938 plaintiffs' "first amended

original petition" was filed, the substance of which we have heretofore given, and contained, we think, sufficient allegations as against a general demurrer to plead a cause of action on which both the husband and wife could recover.

 An original petition is abandoned when an amended petition, other than a trial amendment, is filed and even a reference thereto would not. make the original a part of the amended pleading. 33 Tex.Jur. 513, para. 83.

The omission of the words "pro forma" was one of the amendments in the amended petition which stated the plaintiffs were husband and wife, named the defendants and repeatedly referred to "plaintiff Edgar F. Jones"; a joint cause of action was alleged, joint relief was sought and both husband and wife were interested in the community homestead. We think the first amended original petition was sufficient against a general demurrer to support the judgment.

The appellants' bill of exception shows that their objections to the filing of the trial amendment were in effect that plaintiffs' original petition did not make Edgar F. Jones a real party to the suit; that the first amended original petition made no new parties to the suit and did not state who the plaintiffs in the case were and that the defendants would be grossly wronged if the court permitted. the trial amendment, for which reason they objected to the filing thereof but asked that in the event the trial amendment was allowed that the court declare a mistrial and permit a retrial of the case. It will be observed that neither the first amended original petition nor the trial amendment was to make new parties but to change the status of the husband from a pro forma plaintiff to a plaintiff at interest. There is no statement in this bill of exception that the defendants had other or additional testimony they would have offered if the trial amendment had been contained in the first amended original petition or that they would have amended their pleadings in any particular to meet any new conditions caused by the trial amendment had a retrial been granted. No surprise is claimed and the court in his qualification of defendants' bill of exception states that defendants' counsel admitted, in effect, that he was not surprised by the contents of the trial amendment. The court finds the omissions corrected by such amendment were due to

inadvertence and clerical errors on the part of plaintiffs' counsel; that neither the theory on which the case was tried, the fact issues nor the law was affected by the trial amendment; that the testimony of all parties was fully developed and defendants failed to show any injury, prejudice or surprise by the filing of such amendment. 33 Tex.Jur. 519, para. 87, also page 521, para. 89.

In the condition of this record we do not feel authorized in holding that the trial court abused his discretion in allowing the trial amendment to be filed but, in any event, the judgment, we think, was authorized by the first amended original petition and the unchallenged findings of the trial court.

The judgment is affirmed.