## URBAN v. FIELD et al.

No. 10637.

Court of Civil Appeals of Texas. San Antonio.

Dec. 4, 1939.

On the Merits Jan. 17, 1940.

Rehearing Granted Feb. 14, 1940.

Motion for Rehearing Overruled March 6, 1940.

E. L. Dunlap, of Victoria, for appellant.

Ralph W. Wofford and W. L. Edwards, both of Victoria, for appellees.

SMITH, Chief Justice.

This is an attempted appeal from a judgment rendered in a county court in a case originating in a justice of the peace court.

The record in this Court does not include a transcript of the record made, or any of the proceedings had, or papers filed in the justice of the peace court. Specifically, it does not include the pleadings filed, the judgment rendered, or any order made in the justice of the peace court, or notice of appeal, or appeal bond, if any, filed therein. In short, the transcript of the record filed in this Court does not disclose any fact that could give the county court jurisdiction of the cause (3 Tex.Jur. p. 398, § 284), and so long as the county court is not shown to have acquired jurisdiction, this Court can acquire none.

The appeal will be dismissed, unless appellant, on or before December 15, 1939, tenders a record showing evidence of jurisdiction, together with motion for leave to file same herein, as a part of the record. 3 Tex.Jur. p. 757, § 541.

On the Merits.

Appellant having supplemented the transcript by showing jurisdiction in the County Court, the appeal will be considered on the merits.

The suit originated in a justice of the peace court upon the petition of Mrs. Lula Field, alleged to be "joined herein formally by her husband, R. M. Field." It was alleged that Mrs. Field was a resident of Victoria County and her husband a resident of Nueces County; that she was the owner of a certain automobile, which she used in her taxicab business in the City of Victoria; that defendant, Urban, owned and operated a truck, and that through his negligence said truck collided with Mrs. Field's said car, damaging it. Mrs. Field prayed for judgment against Urban for damages to the car and for loss of time to her taxicab business, and judgment was rendered in favor of Mrs. Field and her husband, jointly. Urban has appealed. The parties will be referred to as plaintiffs and defendant, respectively, as in the trial court.

It appeared from plaintiff's petition that she was a married woman with a living husband, but there were no allegations in the petition that her husband, who was joined, pro forma, as plaintiff, had abandoned her, or had refused to join her as a real party plaintiff. She alleged that the damaged automobile was her property, and that the damages complained of were sustained by her and the business she was operating. The record discloses, affirmatively, that plaintiff's written petition was not supplemented by oral pleadings, and therefore the rights and remedies of plaintiff must be tested solely by allegations in the written pleadings, without aid from the usual presumption, available in cases originating in justice of the peace courts, that written pleadings have been supplemented by oral pleadings sufficient to support the judgments rendered in such cases.

Defendant urged the general demurrer to plaintiff's written petition, but the trial judge overruled the demurrer, and this appeal turns upon the propriety of that ruling. We are of the opinion that, under well established rules in this State, the trial court erred in overruling defendant's general demurrer.

It must be presumed from the facts alleged by plaintiff that the damages sought to be recovered constituted community property of the Fields. Lamar & Smith v. Stroud, Tex.Civ.App., 5 S.W.2d 824; Logan v. Logan, Tex.Civ.App., 112 S.W.2d 515.

The wife may not sue in her own name to recover community assets, without joinder by her husband, or without affirmatively alleging that she has been abandoned by him, or that he refused to join in the suit. Bettis v. Bettis, Tex.Civ.App., 83 S.W.2d 1076, 1078; Western Union Tel. Co. v. Owings, Tex.Civ.App., 38 S.W.2d 831; Atkins v. Dodds, Tex.Civ.App., 121 S.W.2d 1010, 1015; Houston Gas & Fuel Co. v. Spradlin, Tex.Civ.App., 55 S.W.2d 1086; Rhodes v. Taliaferro, Tex.Civ.App., 119 S.W.2d 703; and authorities there cited.

It is not sufficient if the husband is joined pro forma, as a party plaintiff, for in such case he is merely a nominal, and not a real, party, to be directly or personally bound by the judgment. Houston, etc., Co. v. Spradlin, supra, and authorities; Atkins v. Dodds, Tex.Civ.App., 121 S.W.2d 1010, 1015.

The fact that the judgment for damages was rendered jointly in favor of husband and wife does not cure the defects in the pleading, for such judgment was without force, since the husband was not a real party to the suit, and need not be bound by the judgment, or enforce it to his benefit. Middlebrook v. Zapp, 73 Tex. 29, 10 S.W. 732; Milliken v. Smoot, 64 Tex. 171; Houston etc. Co. v. Spradlin, supra.

Where, as in this case, then, the wife sues for injury to community property, joining her husband pro forma and not as a real party, without allegations showing that he has abandoned her, or for any reason has refused to join her in the suit, the error is fundamental and the petition is subject to general demurrer. Houston, etc., Co. v. Spradlin, Tex.Civ.App., 55 S.W.2d 1086; Rhodes v. Taliaferro, Tex.Civ.App., 119 S.W.2d 703, and authorities.

Applying the rules stated to this case, the trial court erred in overruling defendant's general demurrer to plaintiff's petition, and for that reason the judgment will be reversed and the cause remanded. The original opinion on the merits will be withdrawn and this substituted therefor.

Reversed and remanded.