**DIXIE MOTOR COACH CORPORATION v. WATSON.**

No. 14042.

Court of Civil Appeals of Texas.
Fort Worth.

March 8, 1940.

Barnes & McElroy, of Terrell, for appellant.

Philip S. Kouri, of Wichita Falls, for appellee.

BROWN, Justice.

Appellee, Geneva Watson, who was and is married to Wylie Watson, brought suit against appellant for personal injuries alleged to have been sustained by her while a passenger on one of appellant's motor buses, and her husband joins in the suit "pro forma". The prayer is that plaintiff have judgment for her damages.

The suit having been brought in the District Court of Wichita County, the defendant filed a plea of privilege to be sued in Dallas County.

Defendant below and appellant here was sued by the name "Dixie Motor Coach Corporation" and was sued as a corporation.

The plea of privilege recites that "Dixie Motor Coach Corporation, defendant in the above entitled and numbered cause", comes, etc.; the plea of privilege refers to the defendant as "it", and the plea is signed "Dixie Motor Coach Corp. by A. W. Riter, Defendant", and it is sworn to by A. W. Riter, who makes oath that

"he is President of the Dixie Motor Coach Corporation", etc.

The plea of privilege was contested by plaintiff and venue was alleged under Sections 23, 24 and 27 of Article 1995, Rev.Civ.Statutes.

After a hearing the plea was overruled, and from that order defendant has appealed.

We see no merit in the contention that the evidence fails to show that the defendant is a corporation. We believe that the plea of privilege establishes that fact and that it was not necessary for the plaintiff to prove it.

We so held in General Motors Acceptance Corporation v. Lee, Tex.Civ.App., 120 S.W.2d 622, and cited Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.2d 978, in support of our holding.

Furthermore, we believe that the testimony of one of plaintiff's witnesses that he had ridden a "Dixie Motor Coach Corporation" bus, that he bought a round trip ticket to ride on it from Wichita Falls, Texas, to Sherman, Texas, and back to Wichita Falls, that the ticket was bought in the Holt Hotel, in Wichita Falls, where a sign was displayed: "Dixie Motor Coach Corporation", that he boarded the bus "at the station", and the bus had "Dixie Motor Coach Corporation" on it, and that the day before the witness was testifying, he saw a "Dixie Motor Coach Corporation bus", in the City of Wichita Falls, carrying passengers, was sufficient evidence on which the trial court could find that the defendant is a common carrier and that it maintains an agent or representative in Wichita County, who sells tickets to passengers intending to ride in its buses.

But we feel that this case must be tried again.

The plaintiff Geneva Watson was a married woman when her alleged cause of action arose, and she was living with her husband. The husband has the control of the community property during the existence of the marriage relations. He is not simply a proper party to a suit brought to recover damages for personal injuries to the wife; he is the necessary party. He may join the wife as a plaintiff with him, and if no plea of misjoinder be interposed, she remains a party plaintiff.

If the husband refuses to bring suit for damages occasioned by personal injuries sustained by the wife, she may, under proper pleadings, bring suit, but no such situation appears here. "Pro forma" means, "As a matter of form".

When a married woman is sued, under our practice, we make the husband a party defendant "pro forma", because no judgment is sought against him. He is not personally concerned with the outcome of the suit, in that no recovery, personally, is to be had against him, but a husband cannot be simply a "pro forma" plaintiff, in such a suit as is here presented.

We think that the plaintiff's petition is subject to a general demurrer.

We notice that a pauper's oath was filed by Geneva Watson, in the trial court, but none was filed by her husband. We hold that he is required to give security for costs, or make an affidavit in forma pauperis.

For the reasons stated, the judgment is reversed and the cause remanded.