**GLENS FALLS INSURANCE COMPANY,**
Appellant,

v.

**Goldie Mae YARBROUGH et vir, Appellees.**
No. 4150.

Court of Civil Appeals of Texas.

Waco.

June 27, 1963.

Naman, Howell, Smith & Chase, Louis Muldrow, Waco, for appellant.

McLaughtlin, Clark, Fisher, Gorin & McDonald, George Clark, Waco, for appellees.

TIREY, Justice.

Mrs. Yarbrough, joined by her husband, brought this action against Glens Falls Insurance Company to set aside a workmen's compromise settlement agreement. Pertinent to this discussion plaintiffs alleged that Mrs. Yarbrough was a married woman at the time she executed such agreement without the joinder of her husband and that the instrument was, therefore, voidable as a matter of law. They further alleged that the agreement had been secured by certain misrepresentations made to Mrs. Yarbrough by a representative of the insurance carrier, which were fraudulent, and she relied upon them and executed such agreement and was injured thereby. After the verdict was received the Court overruled the carrier's motion to disregard the jury's answers to Issues 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 33 and 34, and to render judgment against plaintiffs for defendant, notwithstanding the verdict of the jury, on the ground that the evidence showed as a matter of law that Mrs. Yarbrough signed the agreement with her husband's consent and authority, and that she knew and understood the nature and effect of the agreement at the time she signed it, and that her husband ratified the execution of the agreement and she cashed the $300.00 check and they spent the proceeds; that she and her husband understood the nature and effect of the agreement when the $300.00 check was cashed and the proceeds spent, and that Mrs. Yarbrough's compensation claim did not have a value in excess of $300.00. This motion was overruled and the Court granted plaintiff's motion for judgment on the verdict. In the judgment we find this recital:

"And it appearing to the Court from the evidence, the admissions and the findings of the jury that the compromise settlement agreement dated March 31, 1961 was executed by the plaintiff Mrs. Goldie Mae Yarbrough without the joinder of her husband Starkey Yarbrough and that no facts

existed which authorized her to enter into such agreement without the joinder of her husband * * *",

and decreed that plaintiffs are entitled to have such compromise settlement agreement dated March 31, 1961 set aside and cancelled. The Court further found that since plaintiffs had cashed and received the $300.00 paid to Mrs. Yarbrough and had used said funds and are unable to return the same, and that they have offered to do equity, and since under the findings of the jury that plaintiffs were entitled to a sum in excess of $300.00 that they received in the compromise settlement agreement, and that plaintiffs have offered in their pleadings that the amount of $300.00 paid by defendant to Mrs. Yarbrough be credited against their right of recovery of any amount because of the injuries suffered by Mrs. Yarbrough, and decreed accordingly.

Appellant, in its motion non obstante veredicto, alleged substantially (among other things) that the evidence showed as a matter of law that Mrs. Yarbrough signed the compromise and settlement agreement with her husband's consent and authority.

Appellant's Point 28 is to the effect that the Court erred in concluding as a matter of law that the settlement papers were voidable because of the failure of Yarbrough to join in the execution. In appellant's brief we find this statement: "* * * appellant's point of error is that the evidence shows, as a matter of law, that Mrs. Yarbrough executed the compromise and settlement agreement with the consent and authority of her husband." In oral argument one member of the Court asked appellant's counsel that if the record failed to show as a matter of law that the husband had constituted or authorized his wife as his agent to execute the agreement that such view would sustain the Trial Court's judgment in setting aside and canceling the compromise settlement agreement? To which he answered: "Yes." We agree.

In Texas, compensation benefits for injuries sustained by either husband or wife are community property. See Art. 16, Sec. 15, Texas Constitution, Vernon's Ann. St.; Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102, point 1; Texas Employers' Ins. Ass'n v. Boudreaux, 231 S.W. 756, points (4, 5), Com.App.; Pickens v. Pickens, 125 Tex. 410, 83 S.W.2d 951, point 1, opinion adopted; Garrett v. Reno Oil Co., 271 S.W.2d 764, Tex.Civ.App., points (3, 5), refused, n. r. e.

Going back to appellant's motion for judgment non obstante veredicto and its Point 28, the first major question that presents itself to us is: Did the Trial Court err in concluding as a matter of law that the settlement papers were voidable because of the failure of the husband to join in the execution? It is our view that it did not. It is the settled law in Texas that the management and control of the community property is given by statute exclusively to the husband unless the husband has abandoned the wife or has become insane. This view has been held to give to the husband the exclusive right to sue for or release a cause of action for injuries to the wife, without her joinder. See Article 4619, Part 1, Vernon's Ann.Tex.Civ.St.; Moody v. Smoot, 78 Tex. 119, 14 S.W. 285; Texas Employers' Ins. v. Boudreaux, supra. In Krueger v. Williams, Tex., 359 S.W.2d 48, we find this statement: " * * * in the absence of fraud upon the wife the husband has the sole right of control and disposition of the community property as he sees fit." In this case it is without dispute that appellant knew that Mrs. Yarbrough was married, and that her husband was ill and in the hospital at Temple at the time the settlement agreement was executed, and that appellant did not at any time contact the husband in order to ascertain if his wife had his consent and authority to execute the settlement agreement, nor did the husband make any representations of any nature whatsoever to appellant or its agents concerning the execution of the settlement agreement, or otherwise. We are of the further view that the evidence wholly fails to show that Mr. Yarbrough authorized Mrs. Yarbrough, as his agent to execute the settlement agreement for him, and she did not purport to do so. But appellant contends that all the facts and circumstances surrounding the husband after the settlement agreement was executed shows, as a matter of law, that he ratified the execution of the settlement agreement. We are not in accord with this view. The check was made payable to Mrs. Yarbrough. It is true that her husband was in the car with her when she went to the office of appellant's agent to receive the check, but her husband did not get out of the car and did not accompany her into the office, and the check was delivered by the agent to Mrs. Yarbrough; that Mrs. Yarbrough and her husband then went to the bank where Mrs. Yarbrough cashed the check and thereafter used the proceeds for the payment of various bills, including rents, utilities and other expenses, and that the funds were used for the benefit of the family. The Court submitted appellant's defense of ratification in Issues 33, 34 and 35. Issue 33 is: "Do you find from a preponderance of the evidence that Mrs. Goldie Yarbrough signed the compromise and settlement papers with her husband's consent and authority?" To which the jury answered: "No." The foregoing issue is in the exact language of appellant's requested Issue No. 1. Issue 34 is: "Do you find from a preponderance of the evidence that at the time the $300.00 check was cashed, Mr. and Mrs. Yarbrough knew the nature and effect of the compromise and settlement papers previously signed by Mrs. Yarbrough?" To which the jury answered "No." The foregoing issue is in the exact language as appellant's requested Issue No. 5. Under the Court's instruction, if the jury answered Issue 34 "No", they need not answer Issue 35, and it was not answered.

We have examined very carefully the testimony tendered on the issue of ratification, and we are of the view that the

evidence is sufficient to sustain the jury's answers to Issues 33 and 34, and we cannot honestly say that such answers are against the great weight and preponderance of the evidence.

Because of the views above expressed, we do not believe it would serve any useful purpose to state the evidence tendered on the issues of ratification, and that comment thereon would be of no precedential value, and would serve no useful purpose. Under our view each of appellant's remaining points become immaterial and pass out of the case.

Accordingly, the judgment of the trial court is affirmed and all costs of appeal are taxed against appellant.