The **TRAVELERS INSURANCE COMPANY**, Appellant,

v.

**Mildred JACKS**, Appellee.

**No. 6018.**

Court of Civil Appeals of Texas.

El Paso.

April 23, 1969.

Turpin, Smith, Dyer, Hardie & Harman, Max N. Osborn, Midland, for appellant.

Tom Sneed, Odessa, for appellee.

## OPINION

FRASER, Chief Justice.

As stated in the brief of appellant, this is an appeal from a judgment awarding maximum benefits under the Workmen's Compensation Law of this State for total and permanent incapacity for injuries alleged to have been received by the appellee, a working lady who was married at the time of the accident, at the time of filing, and at the time of trial.

Appellant states in its brief that this is an appeal from the judgment in a suit filed by a married woman to recover workmen's compensation benefits, which it maintains, under the laws of this state, are community property, and that she was not joined in the suit by her husband, who was an indispensable party; and it was therefore fundamental error to enter a final judgment without joinder of such party. The plaintiff's original petition was filed by Mildred Jacks individually, without joinder of her husband, Buel Jacks. Upon trial, she acknowledged that she was married and indicated that she and her husband were separated. As shown by the exhibit attached to appellant's motion for new trial, appellee had acknowledged in a cross action filed in her divorce case that she and Buel Jacks were married on or about November 2, 1965, and the final judgment terminating that marriage was entered on July 3, 1968, some six weeks after the trial of this case. The record indicates that the accident giving rise to this lawsuit occurred on May 29, 1967, at a time while plaintiff and Mr. Jacks were still married and living together.

We think that appellant's first, second and eighth points must be sustained and the case remanded for new trial. These points set out (1) that the trial court erred in entering judgment for the appellee for the recovery of workmen's compensation benefits which were community property, without a joinder by her husband, who was an indispensable party, and that such was fundamental error; and in Point 2 appellant alleges that the trial court committed error in failing to grant appellant's amended motion for new trial because of the failure of the appellee to join as a party her husband, Buel Jacks, who was an indispensable party in the suit involving community property; and in Point 8, appellant charges that the court committed error in permitting the filing by appellee of an affidavit concerning her marital status after the trial of the case and entry of the final judgment, and in considering the same upon the hearing of appellant's amended motion for new trial with regard to the issue of non-joinder of an indispensable party, when there had been no pleading or issue to the jury with regard thereto.

In Texas it has long been established and is elementary that compensation benefits for injuries sustained by either husband or wife is community property. Burris' Estate v. Associated Employers Insurance Co., 374 S.W.2d 223 (Tex.S.Ct. 1963); Piro v. Piro, 327 S.W.2d 335 (Tex.Civ.App., wr. dism.); Glens Falls Insurance Co. v. Yarbrough, 369 S.W.2d 640 (Tex.Civ.App., n. w. h.). In the case before us, the final judgment was entered on June 14, 1968, but final judgment in the divorce case between Mr. and Mrs. Jacks was not entered until July 3, 1968.

We believe that this case is controlled by the holding in General Insurance Co. of America v. Casper, 426 S.W.2d 606 (1968) (Tex.Civ.App., wr. ref. n. r. e.). In that case the evidence established that at the time of the injury, plaintiff was married to one Odis Moore, and he was not a party to the suit. In reviewing the trial court's judgment for the plaintiff, the appellate court said that the husband was an indispensable party to the litigation and that proceeding to judgment in his absence was fundamental error which the trial court could and should have noted on its own

**314**

motion. The Supreme Court, in a per curiam opinion, refused writ of error (n. r. e.), but held that the error should not have been characterized as fundamental. 431 S.W.2d 311 (1968).

■ It is obvious that proceeding to judgment without attempting to determine what the rights of Buel Jacks were in this case violates the very basic proposition that no court, at either the trial or appellate level, can decide the rights of a party not before such court. National Educators L. Ins. Co. v. Master Video Systems, 398 S.W.2d 358 (Tex.Civ.App., wr. ref. n. r. e.).

■ With respect to the matters contained in Point 8, on the basis of the above facts, language and citations, this appellate court cannot consider the merits of any matter neither pleaded nor presented to the trial court and jury, but presented for the first time in its amended motion for a new trial. In 41 Tex.Jur.2d § 173, p. 388, it is said: "A party may not, by counter-affidavits, enlarge the allegations of the petition upon which the case was tried, nor introduce new issues in order to defeat the motion." See also Pellum v. Fleming, 283 S. W. 531 (Tex.Civ.App., wr. ref.).

■ In summation, it is therefore apparent that the plaintiff, while suing in her own name, was actually married and did not join her husband in the petition or in the trial before the jury. Such is error and cannot be later cured.

Appellant has some five other points in which we believe there is some merit, but we will not pass upon them as they will undoubtedly be properly attended to or cured in the next trial of this particular matter. It must be noted that Mrs. Jacks is now divorced.

We believe that appellant's Points 1, 2 and 8 must be sustained and so hold.

For the reasons set forth above, the decision of the trial court is reversed and the cause remanded.