The CHARTER OAK FIRE INSURANCE COMPANY, Appellant,

v.

Mary Frances FEW et vir, Appellees.

No. 484.

Court of Civil Appeals of Texas, Tyler.

June 11, 1970.

Rehearing Denied June 25, 1970.

Ramey, Brelsford, Flock, Devereux & Hutchins, Donald Carroll, Mike A. Hatchell, Tyler, for appellant.

Smith, Johnson & McDowell, Howard S. Smith, William McDowell, Sulphur Springs, for appellees.

DUNAGAN, Chief Justice.

The plaintiff[1], Mary Francis Few, joined pro forma only by her husband, Milburn Few, brought this suit to recover total, permanent workmen's compensation

---

1. For convenience, the parties will be designated as they appeared in the trial court.

benefits allegedly due as the result of an injury sustained by her on June 20, 1968, during the course and scope of her employment at the Safeway Grocery Store in Mineola, Texas. The case was tried to a jury which found that plaintiff, Mary Frances Few, sustained an accidental injury in the course and scope of her employment; that such injury resulted in total disability beginning June 20, 1968; and that such total disability was permanent. The jury further found that defendant failed, refused and neglected to furnish plaintiff all reasonable medical services within a reasonable time after notice of injury; and that $808.00 would compensate plaintiff for medical services which she contracted on her own after said failure, refusal or neglect.

The trial court entered judgment on the above verdict for both Mary Frances Few and husband, Milburn Few, (and their attorneys) in the lump sum of $10,492.67 plus $808.00 for medical services and interest from the date of judgment.

Defendant's five points of error raise two issues, to-wit: (1) the propriety of entering judgment for community property absent the joinder of one indispensable member of the community as a real party at interest in the litigation, and (2) the legal sufficiency of the evidence to support the jury's finding that defendant failed, refused or neglected to furnish plaintiff medical services as required by Article 8306, Sec. 7, Vernon's Tex.Civ.St.

The points do not challenge the compensability of plaintiff's injury or the duration of her disability. The jury's findings in that regard are conceded for the purpose of this appeal. Consequently, there is no need for us to discuss or summarize the facts surrounding the accident or the medical testimony regarding plaintiff's injury.

The plaintiff was married to Milburn Few at the time of trial, on the date of the accident, and had been so married for 28 years prior thereto.

When plaintiff brought this suit, she joined her husband as a formal or pro forma party only in that portion of her original petition which reads:

"Come now Mary Frances Few, joined *pro forma* herein by her husband, Milburn Few, hereinafter called plaintiffs, complaining of The Charter Oak Fire Insurance Company, defendant herein, and would show unto the court and jury the following: * * *." (Emphasis ours.)

The original petition also states that " * * * Unless otherwise specifically stated, the word 'plaintiff', has reference to Mary Frances Few throughout these pleadings", which makes it clear that no cause of action was stated nor any recovery sought by or for Mr. Few. Plaintiff's original petition was later supplemented, again designating Milburn Few as a pro forma party. Neither of these petitions (the original nor the supplemental) was ever amended to change Milburn Few's status from that of a pro forma party. "Plaintiff" is in the singular throughout the pleadings and no where is the plural "plaintiffs" used in the pleadings including the prayer. Mr. Few did not sign any of the pleadings on file in this cause.

However, the judgment rendered in the case awarded the recovery of compensation benefits not to Mary Frances Few alone but to both her and her husband as parties equal in right, the plural "plaintiffs" being used throughout all decretal portions of the judgment. From this judgment defendant has appealed.

After jury verdict and before judgment was rendered, defendant by written motion complained to the trial court that Milburn Few was only a pro forma party to the action and was not entitled to judgment therein and that the court was without jurisdiction to grant judgment to him. Mrs. Few did not amend her pleadings and bring her husband into the litigation as a real party in interest. It again raised the same complaint in its motion for a new

trial, both motions being overruled by the trial court.

A party to a lawsuit joined in a pro forma capacity only is considered to be joined as a matter of form only, usually to satisfy some requirement of pleading or procedure. See Yellow Cab & Baggage Co. v. Smith, 30 S.W.2d 697, 702 (Tex. Civ.App., 1930, writ dism.); Dixie Motor Coach Corporation v. Watson, 138 S.W.2d 314, 315 (Tex.Civ.App., 1940, no writ); 44 T.J.2d, p. 127, sec. 2. A pro forma party does not become a real party at interest in the litigation and he is deemed to have no recoverable interest in the subject matter of the suit. Rhodes v. Taliaferro, 119 S. W.2d 703, 705 (Tex.Civ.App., Ft. Worth, 1938, n. w. h.); Urban v. Field, 137 S.W. 2d 137, 139 (Tex.Civ.App., San Antonio, 1940, n. w. h.); Roberts v. Magnolia Petroleum Co., 142 S.W.2d 315 (Tex.Civ. App., Beaumont, 1940, writ ref., 135 Tex. 289, 143 S.W.2d 79); Brown v. Jones, 134 S.W.2d 850, 852, (Tex.Civ.App., Amarillo, 1939, n. w. h.); Houston Gas and Fuel Co. v. Spradlin, 55 S.W.2d 1086 (Tex.Civ.App., Galveston, 1932, n. w. h.); Hill v. Kelsey, 89 S.W.2d 1017 (Tex.Civ.App., Dallas, 1935, writ dism.); Perkins v. Campbell, 63 S.W.2d 567 (Tex.Civ.App., Waco, 1933, n. w. h.); Speer's Marital Rights in Texas, Vol. 2, sec. 750, p. 576.

A "protagonist" is any main or leading character or actor. Webster's New 20th Century Dictionary, Unabridged 2nd Ed.; Webster's Universal Unabridged Dictionary and Atlas of the World; and Thorndike Earnhart, Comprehensive Desk Dictionary. Milburn Few was one of several witnesses who testified upon the trial of the case. The substance of his testimony was that since the accident his wife had suffered pain and was not able to do the housework which she did before the accident in question. Applying the above definition to the record in this case, we do not consider Milburn Few a "protagonist" in any sense of the word.

Affirmative relief cannot be granted to one who stands in a pro forma capacity, Lucas v. Dallas County, 138 S. W.2d 179, 181 (Tex.Civ.App., Dallas, 1940, n. w. h.); Perkins v. Campbell, supra, and a pro forma party remains as such until his status is changed affirmatively. Brown v. Jones, supra.

A husband who has been joined by his wife as a pro forma plaintiff only in suit to recover community property is a party who has an interest in the subject matter of the lawsuit and the recovery, sought but he is not a real party in interest in the litigation, he is only a nominal or formal party without any right to control or direct the course of the suit as well as no right to recover anything by judgment entered in the cause.

Plaintiff contends that no fundamental error was committed by the trial court and therefore, even though this court should determine that Milburn Few was not a real party plaintiff, there is no reversible error because defendant failed to make timely objection that Milburn Few was not properly before the court.

Milburn Few whose status was pro forma throughout, recovered judgment as if he were a real party at interest. Milburn Few being a pro forma party only and not a real party at interest, the award of affirmative relief to him was not only error, Lucas v. Dallas County, supra, it was fundamental error. Mays & Mays v. Flattery, 252 S.W. 860 (Tex.Civ.App., El Paso, 1923, writ dism.); Urban v. Field, supra. In Hill v. Kelsey, supra, the court said " * * * while the absence of the husband as a real party might have been raised by plea in abatement or special exception, the defendant is not relegated to that method of raising the issue, but could reach it just as effectively by * * * suggestion of fundamental error on appeal, or otherwise; indeed it became the duty of the trial court itself to refuse to proceed to judgment whenever the omission came to

its knowledge. * * *" See Rhodes v. Taliaferro, supra. The trial court could not determine Milburn Few's interest in the benefits which accrued to Mary Frances Few without him being a real party at interest. National Educators Life Insurance Company v. Master Video Systems, Inc., 398 S.W.2d 358, 366 (Tex.Civ. App., Corpus Christi, 1967, writ ref., n. r. e.).

Workmen's Compensation benefits are community property to the extent that they represent disability which accrues during marriage. Piro v. Piro, 327 S.W.2d 335 (Tex.Civ.App., Ft. Worth, 1959, writ dism.); Speer's Marital Rights in Texas, Vol. 1, p. 638, sec. 432; 30 T.J.2d, p. 131, sec. 74; Pickens v. Pickens, 125 Tex. 410, 83 S.W.2d 951, 953 (1935); Glens Falls Insurance Co. v. Yarbrough, 369 S.W.2d 640, 642 (Tex.Civ.App., Waco, 1963, n. w. h.). This court in General Insurance Company of America v. Casper, 426 S.W. 2d 606, writ ref., n. r. e., 431 S.W.2d 311, held that any portion of compensation benefits that accrue to an employee during marriage is community property in which claimant and spouse have joint interest. Since Milburn Few was married to Mary Frances Few when her total, permanent disability began, he was the legal owner of any compensation benefits due for his wife's disability to the extent of his community interest therein, and he was a necessary and an indispensable party to any suit for the recovery of such benefits; therefore, it was error to award the *whole* of the community property recovered herein without his joinder as a real party. General Insurance Company of America v. Casper, supra, and cases cited therein; see Belt v. Texas Co., 175 S.W.2d 622 (Tex. Civ.App., Amarillo, 1943, writ ref.); 67 C. J.S. Parties § 1(3), p. 892; 44 T.J.2d, sec. 3, p. 131; Travelers Insurance Company v. Jacks, 441 S.W.2d 312, 313 (Tex.Civ.App., El Paso, 1969, n. w. h.). This also is fundamental error. Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex. Sup., 1966). Appellee in her brief states that the Supreme Court in its Per Curiam Opinion (refusing writ of error, n. r. e.) in General Insurance Company of America v. Casper, 431 S.W.2d 311, held that the nonjoinder of a workmen's compensation claimant's husband is not fundamental error. We do not agree. The Supreme Court merely held that error should not have been characterized as fundamental since the appellant had preserved its error in the trial court. Travelers Insurance Company v. Jacks, supra. See Vol. 23 S. L.J., p. 180–181. In Tyra the Supreme Court speaking through its Chief Justice Calvert said "If Fite were truly an indispensable party to the suit, we would agree that the error in proceeding in his absence was fundamental error which could and should have been noticed by the court of civil appeals on its own motion. * * * Jurisdiction over indispensable parties to a suit is as essential to the court's right and power to proceed to judgment as is jurisdiction of the subject matter. * * *" See Sharpe v. Landowners Oil Assn., 127 Tex. 147, 92 S.W.2d 435 (1936).

The error is not cured by the fact that judgment was rendered in favor of Milburn Few and wife, Mary Frances Few, jointly. Urban v. Field, supra; Houston Gas & Fuel Co. v. Spradlin, supra; Middlebrook v. Zap, 73 Tex. 29, 10 S.W. 732; Milliken v. Smoot, 64 Tex. 171; Speer's Marital Rights in Texas, Vol. 2, sec. 689, p. 489, 490.

The reasons above set forth are sufficient to require a remand of this case; however, in view of the likelihood of another trial, we will discuss the remaining question presented.

A discussion of appellant's remaining question requires a brief summation of the facts in this case. Following her injury at the Mineola Safeway Store, Mrs. Few requested that the ambulance carry her to the Glenwood Clinic in Tyler. There she remained for approximately fifteen days under the care of Drs. Wood and Knight; she was examined once by Dr. DeCharles,

a specialist. No representative of appellant contacted Mrs. Few until after she was released from the clinic and returned home and the evidence does not show what Mrs. Few was told concerning her medical treatment by appellant at that time, if anything.

Upon her release from the clinic, the doctors told Mrs. Few to return periodically for out-patient treatment; she did return three times within the next month. On her last visit she was told to return for further treatment if she was not able to return to work at the end of ten days. She did not return to the clinic again, but started consulting with Dr. Thomas of Mineola without appellant's knowledge or consent. She received from appellant after approximately ten visits to Dr. Thomas, a letter stating that appellant could authorize no further treatment by Dr. Thomas and requested that she make an appointment with Dr. DeCharles of Tyler. Mrs. Few sent this letter to the Industrial Accident Board which replied that in its opinion the insurer was within its right to select the medical service, as evidently her case required treatment by a specialist. Mrs. Few stopped seeing Dr. Thomas, but rather than make an appointment with Dr. DeCharles, she consulted instead Dr. Jones, her family physician also without appellant's knowledge or consent.

■ Appellant paid all the expenses incurred at the Glenwood Clinic and the fees of Drs. Wood, Knight and DeCharles. It refuses to pay any of the fees of Drs. Thomas and Jones, and here complains that the trial court erred in awarding judgment against it for those fees as there was no evidence upon which the jury could have found that it refused, failed or neglected to furnish reasonable medical aid. Under the record as developed below, we must agree with appellant's contention but only as to the fee of Dr. Jones. The record discloses that in response to Plaintiff's Request for Admissions, appellant admitted the truth of request number twenty-eight (28) to the effect that it had agreed to pay for the services of Dr. Thomas. Having so admitted the truth of that fact under oath as required by Rule 169, Texas Rules of Civil Procedure, appellant is bound by its admission.

Article 8306, sec. 7, V.T.C.S.[2], places upon appellant the burden of furnishing

2. "The association shall furnish such medical aid, hospital services, nursing, chiropractic services, and medicines as may reasonably be required at the time of the injury and at any time thereafter to cure and relieve from the effects naturally resulting from the injury. Such treatment shall include treatments necessary to physical rehabilitation, including proper fitting and training in the use of prosthetic appliances, for such period as the nature of the injury may require or as necessary to reasonably restore the employee to his normal level of physical capacity or as necessary to give reasonable relief from pain, but shall not include any other phase of vocational rehabilitation. The obligation of the association to provide hospital services as herein provided shall not be held to include any obligation on the part of the association to pay for medical, nursing or surgical services not ordinarily provided by hospitals as a part of their services. If the association fails to so furnish reasonable medical aid, hospital services, nursing, chiropractic services and medicines as and when needed after notice of the injury to the association or subscriber, the injured employee may provide said medical aid, nursing, hospital services, chiropractic services, and medicines at the cost and expense of the association. The employee shall not be entitled to recover any amount expended or incurred by him for said medical aid, hospital services, nursing, chiropractic services, or medicines, nor shall any person who supplied the same be entitled to recover of the association therefor, unless the association or subscriber shall have had notice of the injury and shall have refused, failed or neglected to furnish it or them within a reasonable time. At the time of the injury or immediately thereafter, if necessary, the employee shall have the right to call in any available physician, surgeon, or chiropractor to administer first-aid treatment as may be reasonably necessary at the expense of the association."

such medical aid as may reasonably be required as a consequence of the injury. It also specifically sets out the conditions under which the employee may, on his own, contract for medical aid at the expense of the insurer. These conditions are, (1) at the time of the injury or immediately thereafter, to administer first-aid treatment as may be reasonably necessary; and (2) thereafter only if the insurer has been notified of the injury and has refused, failed or neglected to furnish reasonable medical aid.

We recognize as a general proposition that the Workmen's Compensation Act should be construed liberally so as to effectuate the beneficent purposes for which it was enacted. Travelers Insurance Co. v. Adams, 407 S.W.2d 282 (Tex.Civ. App., Texarkana, 1966, ref., n. r. e.). It is equally true that the recovery of medical expenses incurred as a result of compensable injury is purely statutory; there can be no recovery in conflict with the statute. Robertson v. National Surety Corp., 208 F.2d 642 (Fifth Circuit, 1953).

Article 8306, sec. 7, V.T.C.S., is clear and unambiguous on this point. " * * * The employee *shall not* be entitled *to recover any amount expended or incurred by him for said medical aid* * * * *unless* the association or subscriber shall have had notice of the injury *and* shall have refused, failed or neglected to furnish it or them within a reasonable time. * * *" (Emphasis added.) The purpose of such a provision must be to give the insurer an opportunity to select and contract with a physician of its own choosing. See American Indemnity Co. v. Nelson, 201 S.W. 686 (Tex.Civ.App., 1918, no writ).

Appellee argues strongly that "It is not reasonable that the claimant must abandon treatment by a doctor of her choosing and submit to treatment by another and different doctor not of her choosing, simply because the carrier says to do so. * * *"

But that is exactly what is allowed by the statute.

The statute recognizes that first-aid is often needed immediately after the injury with no time to inform the insurer of the need for such aid. But after the immediacy of the situation is past and the insurer has notice of the injury, the statute provides that then the insurer must be given a reasonable time in which to contract for and furnish medical aid of its choosing. If the company chooses to offer a doctor other than the one originally selected by the employee, it has that right. The insurer may, of course, leave the choice of physicians entirely in the hand of the employee. But if the insurer informs the employee within a reasonable time that it can no longer authorize treatment by a doctor selected by the employee and affirmatively offers specific, reasonable medical aid, that insurer has fulfilled the requirements of the statute. The only recourse for the employee is to request the Industrial Accident Board to order a change in physicians under Art. 8306, sec. 7a, V.T.C.S., or to refuse the proffered physician and contract for services by another doctor at the employee's expense. Without a showing that the company did not offer their choice of physicians within a reasonable time or some other action or inaction by the insurer amounting to a refusal, failure or neglect, the insurer is not liable for expenses incurred by the employee. See Travelers Insurance Co. v. Garcia, 417 S.W.2d 630 (Tex.Civ.App., El Paso, 1967, ref., n. r. e.); Texas Employers' Insurance Association v. Steadman, 415 S.W.2d 211 (Tex.Civ. App., Amarillo, 1967, ref., n. r. e.); Liberty Universal Insurance Co. v. Gill, 401 S.W.2d 339 (Tex.Civ.App., Houston, 1966, ref., n. r. e.); United States Fidelity and Guaranty Co. v. Camp, 367 S.W.2d 952 (Tex.Civ.App., Houston, 1963, ref., n. r. e.); Travelers Insurance Co. v. Hernandez, 276 F.2d 267 (Fifth Circuit, 1960).

For all the reasons set out above, this case is reversed and remanded to the trial

court for new trial in accordance with this opinion.

Reversed and remanded.

MOORE, Justice.

I respectfully dissent from that part of the majority opinion reversing the judgment on the ground that there was a defective joinder of the parties.

Appellant makes no complaint of the judgment on its merits. The only complaint is that the court did not have jurisdiction to enter the judgment because the husband was joined only as a pro forma party as distinguished from a real party. Appellant made no objection to the joinder of the husband as a pro forma party until after trial when appellees presented the trial court a proposed judgment in which the husband and wife were allowed to recover jointly.

While from a purely technical standpoint, the conclusion reached by the majority appears to have some support in the cases cited therein, I do not believe that the application of these narrow, technical rules are applicable under the facts or the present day rules of civil procedure. I am opposed to a reversal of the case on the ground that there is a defect in the parties for two reasons.

First, it must be remembered that in 1967, the 60th Legislature at page 739, ch. 309, made some significant changes in the law with respect to the rights, duties, privileges, powers and liability of spouses. Among other changes, the legislature passed Art. 4621, V.A.T.S. giving each spouse the exclusive control and disposition of that community property which he or she would have owned if a single person and also provided for combined control and management over all other community property.

At the same session, the legislature also enacted Art. 4626, V.A.T.S., providing that:

"A spouse may sue and be sued without the joinder of the other spouse. When claims or liabilities are joint and several, the spouses may be joined under the rules relating to joinder of parties generally." Amended by Acts 1963, 58th Leg., p. 1188, ch. 472, sec. 6, eff. Aug. 23, 1963; Acts 1967, 60th Leg., p. 739, ch. 309, sec. 1, eff. Jan. 1, 1968.

Thus, since the legislature granted the wife sole management and control over that community property which she would have owned if a single person and also provided that she is to have joint control over all other community, I take the position that in passing Art. 4626, supra, the legislature intended to grant the wife the right to protect her interest in the community by suing without the joinder of her husband. At any rate however, Art. 4626 specifically provides that, "A spouse may sue and be sued without the joinder of the other spouse. * * *" To me this language is plain and clear. While the second sentence of the statute does say that "When claims or liabilities are joint and several, the spouses *may* be joined under the rules relating to joinder of parties generally." (emphasis supplied), I do not believe the legislature intended to grant the wife the right to sue in the first sentence and take away such right in the second sentence by merely providing that the husband "may" be joined where the claim is joint and several.

Secondly, I do not agree with the majority because as I view the record the husband actively participated in the trial of the cause. The record shows that he appeared and testified in behalf of his wife. For this reason I do not understand how the majority could have reached the conclusion that the husband was not a protagonist "in any sense of the word". Contrary to the majority, I take the position that his conduct in testifying in the case in

behalf of his wife is sufficient to show that he was a protagonist and was interested in the litigation in behalf of his wife. Because of these circumstances I find myself in complete agreement with what is said in McDonald, Texas Civil Practice, Vol. 1, sec. 3.08.1, p. 243 (citing cases) as follows:

"What is the effect, in such actions, of the petition's naming the wife as plaintiff and joining the husband 'pro forma'? Some technical decisions prior to the Rules of Civil Procedure held such pleading insufficient to make the husband a real party. It has even been held that the judgment may not properly include the husband's name when he is joined pro forma, and that if it does he is not bound. But holdings which predicated an insufficiency of joinder merely upon the words 'pro forma' in the allegations enumerating the parties were inconsistent with the philosophy underlying the Rules of Civil Procedure. One who actively participates in a cause may be bound by the judgment though he is not named as a party: he should not be less so because in the pleadings his name carries a 'pro forma' appendix. Even prior to the Rules, when the words 'pro forma' clearly were surplusage, they were disregarded. The test applied was whether the husband was 'a real, active, militant litigant, (or had merely) entered the suit pro forma for the purpose of technically clothing his wife with authority to maintain the suit in her own right'. There should no longer be any doubt that the joinder is sufficient when the record as a whole shows that the husband was an active protagonist. Even without this affirmative showing, the husband's joinder, qualified by a pro forma, should be sufficient absent a contention that he has been joined without his knowledge or consent."

I would reform and affirm the judgment.